Arthur D. NEWCOMB,
Plaintiff–Appellant,

v.

Earl PATTON, Neil Robertson, Earl Dumm, Frank Davis and Mrs. Richard Lee, as the Trustees of Barton County Memorial Hospital,

and

Carl Barker, as Administrator of Barton County Memorial Hospital, Defendants–Respondents.

No. 11548.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 17, 1980.

---

Ross T. Roberts, Wm. J. Fleischaker, Roberts & Fleischaker, Joplin, for plaintiff–appellant.

Gary Ratzlaff, Pros. Atty., Lamar, Joseph J. Kelly, Jr., Carl H. Helmstetter, Spencer, Fane, Britt & Browne, Kansas City, for defendants–respondents.

HOGAN, Judge.

Plaintiff is a licensed physician. He practices in Barton County. In January 1979, the defendant trustees refused annual renewal of plaintiff's staff privileges at the Barton County Memorial Hospital. Plaintiff sought and obtained judicial review of the trustees' action by statutory certiorari as provided by Rule 100.08, V.A.M.R.[1] The Circuit Court of Barton County affirmed the decision of the trustees. Plaintiff appeals.

The trial court found as a fact that plaintiff had verbally harassed and threatened defendant Barker and held that such conduct justified the trustees' refusal of staff privileges. Assuming that the judgment must stand or fall on the basis of this finding, plaintiff argues that the trustees' action infringes his "constitutionally protected" right of free speech.

▮ Plaintiff's assumption that some constitutional question is necessarily involved on this appeal is mistaken. It is true that the trustees' decision was an "uncontested" case within the intent of Rule 100.-08(a) because the relevant sections of Chapter 205 make no provision for judicial review of the trustees' decisions. Review by injunction or "other appropriate action" was authorized and it was proper for the trial court to hear additional evidence. It is also true that the judicial review provided for "uncontested" cases in the circuit court is broader in scope than that provided for "contested" cases, and is in effect a hearing de novo. *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 358[4] (Mo.banc 1958); *Karzin v. Collett*, 562 S.W.2d 397, 399[2] (Mo. App.1978). Nevertheless, the primary purpose of Rule 100.08(a) is to allow the development of that order of record which would be made in a "contested" case. *State ex rel. State Tax Commission v. Walsh*, 315 S.W.2d 830, 834–835[1] (Mo.banc 1958); *State ex rel. Walmar Investment Co. v. Mueller*, 512 S.W.2d 180, 182–183[1] (Mo. App.1974). Upon review this court must look to the *whole* record to determine whether the decision was supported by competent and substantial evidence, whether it was arbitrary and capricious or whether the administrative body abused its discretion. We are required to consider all the evidence in a light most favorable to the administrative body, giving it the benefit of all reasonable inferences to be drawn therefrom. *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888, 894[1] (Mo.banc 1978). Plaintiff is therefore mistaken in his assumption that this court's review is limited to the basis for judgment voluntarily assigned by the trial court. Moreover, the rule that appellate courts will not determine constitutional questions unless such determination is necessary to a proper resolution of the case presented applies to their review of administrative decisions. *State ex rel. State Board of Mediation v. Pigg*, 362 Mo. 798, 812, 244 S.W.2d 75, 79[5, 6] (banc 1951); *Atchison v. Retirement Board of Police Retirement System of Kansas City*, 343 S.W.2d 25, 35[9] (Mo.1960).

▮ The defendants have urged that the cause is moot. Recognizing the force of that argument, plaintiff replies that he must be accorded staff privileges if he is to pursue his career in Barton County, and contends that we should resolve the issues tendered as matters of public interest and importance.

1. References to statutes and rules are to RSMo (1978) and Missouri Rules of Court (11th ed. 1980) unless otherwise specifically noted.

We recognize and acknowledge the importance of staff privileges to the plaintiff, or for that matter, to any practicing physician. Nevertheless, under the provisions of Rule 100.08(a) such privileges may be protected by injunction or any appropriate remedy; plaintiff's need of staff privileges is not dependent on our resolution of the abstractions briefed on this appeal. The questions tendered as matters of public concern and importance are not really such; they have been decided many times and are governed by settled principles. The defendants' point is well taken. Long ago, our Supreme Court held in *State ex rel. Myers v. Shinnick*, 19 S.W.2d 676, 678[1, 2] (Mo. 1929): (our emphasis)

> "Courts are not organized . . . *for the purpose of vindicating the actions of parties in bringing lawsuits or to settle abstract principles of law, where no relief can be granted. . . .* If no relief can be granted, . . . because the situation has so changed that the relief sought cannot be granted, the court will not go through the empty formality of determining whether or not the relief asked for might have been granted, . . . but for changed conditions. . . ."

That is the situation in this case. Renewal or refusal of staff privileges is an annual matter. The trustees' action denied the plaintiff staff privileges only for the calendar year 1979, and the cause is before this court late in 1980. Resolution of the complex questions tendered might vindicate the plaintiff or the defendant administrator; otherwise, any judgment rendered by this court would be wholly ineffectual. The appeal is moot, and must be dismissed.

All concur.