**BARTLETT & COMPANY GRAIN,**
**Petitioner,**

v.

**DIRECTOR OF REVENUE, State of**
**Missouri, Respondent.**

**No. 64059.**

Supreme Court of Missouri,
Division No. 2.

April 26, 1983.

Richard Monaghan, Stinson, Mag & Fizzell, Kansas City, for petitioner.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT E. SEILER, Senior Judge.

This cause is here on petition for review of a decision of the Administrative Hearing Commission affirming assessments of income tax deficiencies against petitioner Bartlett & Company Grain for fiscal years ended April 30, 1973, May 4, 1974, and May 2, 1975. The issue presented involves construction of a revenue statute and jurisdiction is vested in this court pursuant to Mo. Const. art. V, § 3 and § 161.337, RSMo 1978.

Bartlett is a duly existing Missouri corporation engaged in the operation of grain elevators in Missouri, Colorado, Iowa, Kansas, Nebraska, and Oklahoma. It maintains its principal office in Missouri.

In filing its Missouri income tax forms for the years in question, Bartlett elected to apportion its income using the single factor sales formula set out in § 143.451, RSMo 1978,[1] and apportioned its sales as follows:

1. Section 143.451 provides in pertinent part:

(2) The taxpayer may elect to compute the portion of income from all sources in this state in the following manner:

(a) The income from all sources shall be determined as provided, excluding therefrom the figures for the operation of any bridge connecting this state with another state.

1. 100% to Missouri where the merchandise was shipped from points within Missouri to points within Missouri.

2. 50% to Missouri where the merchandise was shipped from points without Missouri to points within Missouri.

3. 50% to Missouri where the merchandise was shipped from points within Missouri to points without Missouri.

4. 0% to Missouri where the merchandise was shipped from points without Missouri to points without Missouri.

The department of revenue recomputed Bartlett's tax liability including 50% of sales shipped from points outside Missouri to destinations outside Missouri where the sales were handled through Bartlett's Missouri sales office. No part of these sales had been included in Bartlett's computation of its tax liability. The recomputation yielded assessments for income tax deficiencies for fiscal years ended April 30, 1972, April 30, 1973, May 3, 1974, and May 2, 1975.[2]

Bartlett duly filed protests of the proposed assessments and at a hearing before the department argued that the returns should be accepted as filed. Prior to a determination by the director of revenue, the court decided *International Travel Advisors, Inc. v. State Tax Commission,* 567 S.W.2d 650, 654 (Mo. banc 1978), and held that "where transactions occur partially in Missouri and partially elsewhere, the portion allocable to Missouri is to be included in the tax computation." In light of that decision, Bartlett ceased to contend that its return should be accepted as filed and substituted a request that it be allowed to file amended returns using the three factor formula of apportionment as provided for in

(b) The amount of sales which are transactions wholly in this state shall be added to one-half of the amount of sales which are transactions partly within this state and partly without this state, and the amount thus obtained shall be divided by the total sales or in cases where sales do not express the volume of business, the amount of business transacted wholly in this state shall be added to one-half of the amount of business transacted partly in this state and partly outside this state and the amount thus obtained shall be divided by the total amount of business transacted, and the

the Multistate Tax Compact, Section 32.200, art. IV, RSMo 1978. The director refused Bartlett's request to file amended returns.

Bartlett appealed the decision to the Administrative Hearing Commission. The parties waived an evidentiary hearing and submitted the case on stipulated facts. The commission denied Bartlett's request to file amended returns, finding its election irrevocable and upheld the action by the director assessing income tax deficiencies.

This case presents two issues: (1) whether the Administrative Hearing Commission erred in holding that Bartlett's election to use the single factor sales formula was irrevocable; and (2) whether the Administrative Hearing Commission erred in holding that the department of revenue was not estopped from denying Bartlett's request to amend its returns. Bartlett claims the department should be estopped because its choice of the single factor sales formula was based on reliance on a regulation promulgated by the department under § 143.040, RSMo 1969 (now § 143.451, RSMo 1978) pertaining to the apportionment of income. The regulation in question, M.R. 210, provided in pertinent part:

Where the elective allocation formula is used by a corporation taxable under Section 143.040 [now Section 143.451] the following basis applies to the numerator of the allocation fraction:

1. All sales shipped from points in Missouri to points in Missouri. 100%.

2. All sales shipped from points in Missouri to points outside of Missouri. 50%.

net income shall be multiplied by the fraction thus obtained, to determine the proportion of income to be used to arrive at the amount of Missouri taxable income. The investment or reinvestment of its own funds, or sale of any such investment or reinvestment, shall not be considered as sales or other business transacted for the determination of said fraction.

2. The 1972 assessment was subsequently abated by the director as barred by the statute of limitations.

3. All sales shipped from points outside of Missouri to points in Missouri. 50%.

Although Bartlett's computation of income using the single factor sales formula was in accordance with M.R. 210, the department of revenue in a letter informed Bartlett that M.R. 210 had been repealed along with the Missouri income tax law, effective January 1, 1973. The letter noted that no new regulation had been issued for § 143.451 and conceded that the Missouri Tax Reporter published by Commerce Clearing House still contained the old regulation with the new law.

■ The first point raised on appeal questions the commission's determination that Bartlett's election to apportion income using the single factor sales formula was irrevocable. Bartlett posits that the election may be revoked because § 143.461, RSMo 1978, is silent with respect to whether the election is irrevocable. However, the paramount rule of statutory construction is to ascertain legislative intent. *Staley v. Missouri Director of Revenue,* 623 S.W.2d 246 (Mo. banc 1981). Sections 143.091 and 143.961 indicate the legislative intent to adopt, where possible, federal precedents and regulations in the construction of the Missouri income tax statutes (§§ 143.011 to 143.996).

Federal courts have generally been reluctant to permit taxpayers to revoke an election. In *Pacific National Co. v. Welch,* 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282 (1938), the United States Supreme Court emphasized the binding nature of an election to report sales on the cash basis rather than the installment basis:

Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws .... There is nothing to suggest that Congress intended to permit a taxpayer, after expiration of the time within which return is to be made, to have his tax liability computed and settled according to the other method.

*Id.* at 194, 58 S.Ct. at 858.

■ A taxpayer who in his tax return made an election cannot revise his election on the basis of facts developing after the accounting period, including judicial decisions and other events subsequent to the accounting period. *Bird v. United States,* 141 F.Supp. 569, 573 (D.Mass.1956). Further, good faith reliance on a mistaken legal judgment about the tax consequence of an improvident election does not entitle the taxpayer to revoke his election. *Bankers & Farmers Life Insurance Company v. United States,* 643 F.2d 234, 238 (5th Cir.1981); *Shull v. Commissioner of Internal Revenue,* 271 F.2d 447, 449 (4th Cir.1959). In *J.E. Riley Investment Co. v. Commissioner of Internal Revenue,* 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940), the court refused to permit the petitioner to change the basis upon which its taxable income was computed. Petitioner was engaged in the business of mining gold at Flat, Alaska. Due to the uncertain nature of mail service to such a remote location and to avoid delinquency in income tax returns, petitioner's officers were accustomed to using the tax forms for an earlier year. The collector, in sending the 1933 forms, had not advised petitioner that the Revenue Act of 1934 allowed percentage depletion. When the petitioner learned of the availability of percentage depletion, it filed an amended return. The commissioner denied the election of percentage depletion. Recognizing the equitable considerations present, the court nonetheless refused to permit revocation of the election. The court found the likelihood of hardship was no ground for relief by the courts from the rigors of the statutory choice which Congress had provided. *Id.* at 59, 61 S.Ct. at 97.

■ Bartlett's reliance on M.R. 210 was analogous to good faith reliance on an erroneous legal opinion or accountant's advice. The Missouri tax law was revamped and a new law enacted effective January 1, 1973. The department of revenue, for the years in question, had not promulgated a

regulation for apportionment of income. Bartlett was relying on a regulation that did not state the position of the department of revenue after 1973 and, furthermore, did not correctly state the law as provided in § 143.451. *See International Travel Advisors, Inc. v. State Tax Commission,* 567 S.W.2d 650 (Mo. banc 1978). Erroneous regulations are a nullity, 10 J. Mertens, Law of Federal Income Taxation § 60.16 (1976), as regulations may be promulgated only to the extent of and within the delegated authority of the statute involved. *State ex rel. River Corporation v. State Tax Commission,* 492 S.W.2d 821, 825 (Mo.1973), *overruled on other grounds, International Travel Advisors, Inc. v. State Tax Commission,* 567 S.W.2d 650 (Mo. banc 1978). Under traditional judicial concepts, one who has relied on an invalid rule is in substantially the same position as one who has relied on an unconstitutional statute or an erroneous opinion of counsel. F. Cooper, State Administrative Law 267–270 (1965).

■ Accordingly, Bartlett's reliance on M.R. 210 affords no basis for revocation of its election. As indicated by the cases cited above, a mistake of law is not a basis for revocation of an election. Furthermore, irrevocability of the election is consonant with the purpose of the Missouri income tax law to simplify the preparation of income tax returns, aid its interpretation through use of federal precedents, and improve its enforcement. *See* § 143.961, RSMo 1978. We find no error in the determination of the Administrative Hearing Commission that Bartlett's election to use the single factor sales formula was irrevocable.

Closely related to the above analysis is Bartlett's second point that the director is estopped from denying its request to amend its returns. Bartlett cites no authority to support its position but, instead, argues equitable considerations. Bartlett argues that M.R. 210 was set forth in the Commerce Clearing House Missouri Tax Reporter (CCH) for the years in question and that the department of revenue "surely was aware that this Reporter is heavily relied upon by taxpayers as a source of current rules and regulations . . . ."

■ As a general proposition, the doctrine of estoppel is not applicable to acts of a governmental body, *Wallis v. County of St. Louis,* 621 S.W.2d 720, 725 (Mo.App. 1981), and has been jealously withheld and only sparingly applied against governmental bodies and public officers acting in their official capacity when necessary to prevent manifest injustice. *State ex rel. Letz v. Riley,* 559 S.W.2d 631, 634 (Mo.App.1977). No such manifest injustice is apparent on the facts of this case. Bartlett allegedly relied on a regulation printed in CCH but not followed by the department of revenue for the years in question. In *Bookwalter v. Brecklein,* 357 F.2d 78 (8th Cir.1966), the court found that the fact that a private letter was published by the Commerce Clearing House was not decisive as officials of the Internal Revenue Service were not bound for precedent purposes by rulings or decisions not officially published.

■ As recognized by Bartlett, M.R. 210 did not correctly state the law. Taxpayers have no vested right to rely upon an erroneous interpretation of the statute exempting them from taxation, *State v. Maddox Tractor & Equipment Co.,* 260 Ala. 136, 69 So.2d 426, 430 (Ala.1953). An erroneous regulation is a nullity. 10 J. Mertens, Law of Federal Income Taxation § 60.16 (1976). Bartlett also maintains that a reasonable taxpayer would have concluded that M.R. 210 had been approved by the General Assembly as the proper interpretation of the statute, since under the reenactment theory the General Assembly is assumed to have been aware of the administrative interpretation contained in M.R. 210 and, by reenacting the statutory provision using the same language under which M.R. 210 was issued, to have approved the interpretation of the statute set forth in M.R. 210. This argument is not persuasive as this court has refused to extend the reenactment theory applicable to judicial construction to administrative rulings. *Blue Springs Bowl v. Spradling,* 551 S.W.2d 596, 601 (Mo. banc 1977).

Estoppel against the department of revenue cannot lie on the facts of this case. Bartlett relied on a regulation that did not state the position of the department for the years in question. Furthermore, the apportionment of income in accordance with M.R. 210 was later found to conflict with § 143.-451. *See International Travel Advisors, Inc. v. State Tax Commission,* supra. Bartlett has failed to establish the manifest injustice necessary to invoke the doctrine of equitable estoppel against a governmental body.

The decision of the Administrative Hearing Commission is affirmed.

WELLIVER, P.J., and HIGGINS, J., concur.

BLACKMAR, J., not participating because not a member of the court when cause was submitted.