**FARMERS' AND LABORERS' CO–OP-ERATIVE INSURANCE ASSOCIATION, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE of MISSOURI, Respondent.**

No. 69213.

Supreme Court of Missouri, En Banc.

Dec. 15, 1987.

Rehearing Denied Jan. 20, 1988.

Charles M. Lock, St. Louis, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Pursuant to receipt by the Missouri Department of Revenue of a Form, 4549L, Income Tax Examination Changes, from the Internal Revenue Service, the Director of Revenue assessed the Farmers' Co-operative Insurance Associations' taxpayers $11,995.90 for income tax and interest for

the tax year 1981. The taxpayers protested the Director's assessment arguing that farm mutual companies were exempted from the state corporate income tax under section 143.120, RSMo 1969,[1] repealed by L.1972 in 1973, effective January 1, 1973, replaced by section 143.321, RSMo 1978.

Appellant did not file a Missouri corporate income tax return but did pay a tax to the federal government for the 1981 tax year as computed by the I.R.S. The federal return showed a tax liability of $291,-602.77 and tax due of $114,887.27. $209,-137.36 of the total represented investment income. A subsequent adjustment to the return by federal authorities raised the tax due from appellant for 1981 to $115,524.59, resulting in a Missouri corporate income tax and interest totalling $11,995.90. On appeal to the Administrative Hearing Commission, appellant sought a determination that the $11,995.90 of income tax and interest for the tax year 1981 be set aside as contrary to the law. The Administrative Hearing Commission affirmed the Director's decision and this appeal followed. The decision is affirmed.

The Administrative Hearing Commission found that the statutes required that all corporations doing business in Missouri must pay an income tax to the state on the same income for which they pay income tax to the federal government with certain modifications, unless: 1) specifically exempted from the Missouri corporate income tax, such as insurance companies paying premiums tax; or 2) specifically exempted from federal income tax by reason of its purposes and activities. *See* section 143.-441.2, RSMo 1978.

Appellant does not claim an exemption from the Missouri corporate income tax. Appellant alleges it is not liable for payment of any state income tax and therefore has no need for an exemption. Appellant claims it has no federal taxable income as

---

1. Section 143.120, RSMo 1969, provides:

Income of certain organizations exempt—There shall not be taxed under this chapter any income received by any:

\* \* \* \* \* \*

(10) Farmers' or other mutual, hail, cyclone or fire insurance company, mutual ditch or

irrigation company, mutual or cooperative telephone company, or like organization, the income of which consists solely of assessments, dues and fees collected from members for the sole purpose of meeting its expenses; . . . .

defined by the Internal Revenue Code of the United States. Section 143.091, RSMo 1978.[2] Section 143.431.1, RSMo 1978, expressly states that a Missouri corporation is taxed only to the extent it has federal taxable income. Appellant argues that because it has no federal taxable income it cannot be liable for Missouri corporate income tax.

Appellant also contends that article X, section 4(d) of the Missouri Constitution does not allow the Missouri corporate income tax to be based on the federal tax liability of appellant.

In the alternative, appellant argues that a correct interpretation of chapter 380 requires express reference to a farm mutual company in corporate income tax law before such law can be applied to a farm mutual company and that because no such express reference exists, the corporate income tax cannot be applied to a farm mutual insurance company.

A proposal by the Director for resolving the dispute with the mutual insurance companies in Missouri over their failure to pay Missouri income tax from the year 1973 through 1984 was set forth in a letter to the Missouri Association of Mutual Insurance Companies dated July 17, 1984. The Department proposed that all mutual insurance companies file Missouri forms and pay all applicable taxes and interest for the tax years ending in 1980, 1981, 1982 and 1983. In return the Department would waive all penalties and additions for returns filed on or before September 17, 1984, and would not assess any tax for the tax years prior to 1980. For those companies which did not voluntarily file and pay, the Department proposed to audit for all years back to and including 1973. Appellant protested the tax assessment and rejected the proposal by the Department. The Director reconsidered the matter and upheld the "Notice

of State Income Tax Deficiency issued against Taxpayer" as correct and outstanding.

Appellant contends first that the Commission's decision in applying the plain meaning rule of construction ignored well-settled rules of construction that apply to this case. Appellant claims that tax statutes must be clear and unambiguous in their application and that tax laws are to be construed strictly against the taxing authority and as favorably as possible to the taxpayer. *Petition of Union Electric Co. of Missouri*, 161 S.W.2d 968, 970 (Mo. banc 1942). Appellant argues that because the Director of Revenue did not enforce the corporate income tax law against chapter 380 companies during the period 1973 until at least 1982 that the Director considered the chapter 380 companies not subject to the state corporate income tax law. Appellant suggests the Department's interpretation of this statute during the nine-year period was clear and unambiguous and now its interpretation is contrary to the law. *L. & R. Distributing, Inc. v. Department of Revenue*, 529 S.W.2d 375 (Mo.1975).

When a statute is clear and unambiguous, extrinsic aids to statutory construction cannot be used. Knowledge of the change in the Missouri income tax effective January 1, 1973, must be imputed to the taxpayer as well as to the Director of Revenue. Appellant cannot use equitable arguments to evade paying the required income tax to the state. The doctrine of estoppel is normally not applicable to acts of a governmental body. *Bartlett & Co. Grain v. Director of Revenue*, 649 S.W.2d 220 (Mo.1983). Fundamental to an estoppel claim against the government is that in addition to satisfying elements of ordinary estoppel, governmental conduct complained of must amount to affirmative misconduct. *Peoples Bank of Lincoln County v. U.S.*,

**2.** *Section 143.091, RSMo 1978, provides:*

Any term used in sections 143.011 to 143.-996 shall have the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required by the provisions of sections 143.011 to 143.996. Any reference in sections 143.011

to 143.996 to the laws of the United States shall mean the provisions of the Internal Revenue Code of 1954, and amendments thereto, and other provisions of the laws of the United States relating to federal income taxes, as the same may be or become effective, at any time or from time to time, for the taxable year.

635 F.Supp. 642 (E.D.Mo.1986). The Director's conduct in failure to enforce the statute in question does not amount to misconduct of the kind required to raise an estoppel against a governmental department.

Appellant contends next that the Commission's construction and interpretation of federal taxable income as equivalent to the payment of a federal income tax does not follow the federal law definition of federal taxable income as required by Missouri statute and case law. Appellant asserts it had no federal taxable income in the year 1981, only mutual insurance company taxable income as that term is defined in the Internal Revenue Code.

Section 143.071, RSMo 1978, requires corporations in Missouri to pay a tax of 5 percent upon Missouri taxable income. Section 143.431, RSMo 1978,[3] identifies Missouri taxable income as federal taxable income derived from sources within Missouri.

Appellant is a farmers' mutual insurance company operating under the provision of chapter 380 of the Missouri Revised Statutes. Effective January 1, 1985, mutual insurance companies operating under sections 380.580 to 380.840, RSMo 1978, were required to operate under sections 380.201 to 380.591, RSMo 1978. Also, as of January 1, 1985, mutual insurance companies operating under sections 380.201 to 380.591, RSMo 1978, were subjected to the premium tax in lieu of other state taxes. *See* section 148.376, RSMo 1986.[4]

■ Before January 1, 1973, the effective date of the new comprehensive Missouri income tax statutes, income from a farmers' mutual insurance company was clearly exempt from taxation under the existing Missouri income tax law. Section 143.120(10), RSMo 1969, *see* footnote 1. Subsequent to January 1, 1985, it is also clear that a farm mutual insurance company subject to premium tax under section 148.376, RSMo 1986, *see* footnote 4, is exempt from the new Missouri income tax pursuant to section 143.441.2(3), RSMo 1978.[5] There is, however, no language in the Missouri statutes which would expressly exempt appellant from Missouri corporate income tax on its federal taxable income from the years 1973 through 1984. Section 143.431, RSMo 1978, footnote 3.

■ Appellant argues that when federal taxable income is defined according to the Internal Revenue Code it becomes clear that it has no federal taxable income. First, appellant cites section 26 U.S.C.A. § 501(c)(15) which exempts a mutual insurance company having gross receipts under $150,000 from the payment of the corporate income tax. Next, appellant's interpretation of this distinction is that there is one set of rules applying to for-profit corporations and a different set applying to specialized types of corporations such as insurance companies. Under section 26 U.S.C.A. § 63(a), a corporation's taxable income means gross income minus the deductions allowed by this chapter. Then section 26 U.S.C.A. § 11(a) states a tax is payable for each taxable year on the taxable income of every corporation. Because section (c) of 11 makes an exception for subchapter L of the Internal Revenue Code which covers

**3.** Section 143.431, RSMo 1978, provides:

    1. The Missouri taxable income of a corporation taxable under sections 143.011 to 143.966 shall be so much of its federal taxable income for the taxable year, with the modifications specified in subsections 2 and 3 of this section, as is derived from sources within Missouri as provided in section 143.451. The tax of a corporation shall be computed on its Missouri taxable income at the rates provided in section 143.071.

**4.** Section 148.376 provides:

    1. Every company operating under the provisions of sections 380.201 to 380.591,

RSMo, shall quarterly pay a tax upon the direct premiums or assessments received during the calendar year....

**5.** Section 143.441.2(3) and (4) provides:

    2. The tax on corporations provided in subsection 1 of section 143.431 ... shall not apply to:

(3) An insurance company which pays an annual tax on its gross premium receipts in this state, and

(4) Any other corporation that is exempt from Missouri income taxation under the laws of Missouri or the laws of the United States.

insurance companies, appellant concludes this means the IRS treats mutual insurance companies differently from the ordinary for-profit corporations. The final result of appellant's interpretation is that this means appellant's tax is a mutual insurance company income tax and not a federal income tax as defined in Missouri statute section 143.431, RSMo 1978. *See* footnote 3.

Appellant's argument does not persuade under interpretation of the various sections of the Internal Revenue Code. This Court has held that the term "federal taxable income" cannot be interpreted with reference to one section only and without consideration of any other federal code provisions. *Brown Group, Inc. v. Administrative Hearing Commission,* 649 S.W.2d 874, 877 (Mo. banc 1983). All the code sections cited are contained in subtitle A, chapter 1 of the Code, labeled Income Taxes and Normal Taxes and Surcharges. Subchapter L., part II, of chapter 1 deals specifically with mutual insurance companies. However, the tax imposed on taxable income is determined by the rate contained in 26 U.S. C.A. § 11(b) of the Code, the rate which applies to all corporations. *See* 26 U.S.C.A. § 821. Farm mutuals do not have a special type of federal taxable income called mutual taxable income. Appellant paid federal income tax and therefore is subject to Missouri income tax unless the corporation is entitled to an exemption.

■ This Court adheres to the principle that unambiguous phrases must be given their plain and natural meaning. The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *City of Willow Springs v.*

*Missouri State Librarian,* 596 S.W.2d 441 (Mo. banc 1980). The statutes involved in this case are clear and appellant is liable for Missouri income tax.

Appellant next alleges that the last sentence of section 380.800, RSMo 1978,[6] (as repealed by L.1984, p. 664, H.B. 1498, replaced by sections 380.031, 380.511, RSMo 1986) requires express reference to a farm mutual company in the corporate income tax law before such a law can be applied. Because there is no express reference in the statute, appellant argues it cannot be made to pay the tax.

■ When sections 380.800 and 380.511, RSMo 1986,[7] are examined it is clear that the legislature did not intend that all laws applied must expressly state they are applicable to Missouri mutual insurance companies. The sections address other insurance laws, not all other laws.

■ Appellant argues next that the Commission's construction and interpretation of federal taxable income as equivalent to the payment of a federal income tax violates article X, section 4(d) of the Missouri Constitution.

**4(d). Imposition of income tax with reference to federal law**

Section 4(d). In enacting any law imposing a tax on or measured by income, the general assembly may define income by reference to provisions of the laws of the United States as they may be or become effective at any time or from time to time, whether retrospective or prospective in their operation. The general assembly shall in any such law set the rate or rates of such tax. The general assembly may in so defining income make exceptions, additions, or modifica-

---

6. Section 380.800 provides:
   Any farmers' mutual insurance company organized or operating under sections 380.580 to 380.840 shall be exempt from all provisions of other insurance laws of this state, not only in governmental relations but for every other purpose. No law hereafter passed shall apply to any farmers' mutual insurance company unless such law shall expressly declare that it is applicable to such farmers' mutual insurance companies.

7. Section 380.511 provides:
   1. Any company operating under sections 380.201 to 380.591 shall be exempt from all provisions of other insurance laws of this state except as otherwise specifically designated in this chapter. No law hereafter passed shall apply to any company operating under the provisions of section 380.201 to 380.591 unless such law shall expressly declare that it is applicable to such company.

tions to any provisions of the laws of the United States so referred to and for retrospective exceptions or modifications to those provisions which are retrospective.

Relying on Attorney General's Opinion 532 of December 15, 1970, appellant argues that by taxing a farm mutual insurance company the Director of Revenue improperly bases the tax liability of appellant solely on its federal taxable income.

Appellant's argument is flawed: First, the amount the corporation is taxed is only to the extent of the amount of Missouri taxable income derived from sources within Missouri section 143.431.1. *See* footnote 3. Second, when computing the taxable income owed Missouri, the extent applicable to Missouri is determined by multiplying the amount that would otherwise affect Missouri taxable income by the ratio of Missouri taxable income divided by the taxable income as though the corporation had received all of its income from Missouri sources. Sections 143.171–143.451, RSMo 1978. This computation is for corporations which derive only part of their income from sources within Missouri. Allowances are made for corporations which do not do all of their business in Missouri. Also section 143.431, RSMo 1978, states that a Missouri corporation is taxed only to the extent it has federal taxable income. Third, this constitutional provision authorizes definition of Missouri taxable income by reference to laws of the United States. Finally, nowhere in this provision is there an express statement that the legislature did or did not intend for Missouri income tax to be determined solely on the basis of the percentage of federal income tax liability.

Examination of sections 143.071, 143.091, 143.431 and 143.451, RSMo 1978, demonstrates that the Department of Revenue taxes corporations based on the source of income of the corporation. Deductions are allowed per section 143.431 and a complex set of provisions are made for determining corporate taxable income per section 143.-451, RSMo 1978. Nowhere in the statutes is a corporation subject to a tax solely on its federal taxable income. The general assembly has stayed within constitutional limits and has at times defined income by reference to the federal statutes (section 143.091, footnote 2), but it has clearly set the rate of corporate income tax independently from the federal statutes, section 143.010, *et seq.*

In this case the Director of Revenue taxed appellant only to the extent of its federal taxable income as derived from sources within Missouri. This is not a violation of the Missouri Constitution, art. 10, sec. 4(d), as appellant alleges.

The decision of the Administrative Hearing Commission is affirmed in all respects.

All concur.