The HEARST
CORPORATION, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. 71620.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1989.

I. Edward Marquette, Michael J. Wilczynski, Kansas City, Mo., for appellant.

Harry D. Williams, Asst. Gen. Counsel, Duane Benton, Director of Revenue, William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

BILLINGS, Justice.

The narrow issue in this case is limited to taxes paid by Hearst Corporation in connection with the sale of various magazines to Missouri subscribers. Hearst contends that because newspapers are not taxed,

magazines are entitled to the same exemption. Because the regulations relied upon by the Director to exempt newspapers from sales taxes are inconsistent with any statutory exemption, the regulations cannot stand. Affirmed.

Hearst filed an application for a use tax refund for taxes paid on the sale of various magazines to Missouri subscribers. The Director of Revenue rejected the refund claim and the Administrative Hearing Commission upheld the Director.

The main thrust of Hearst's contention is that its magazines constitute newspapers within the statutory and regulatory scheme of sales/use taxation. Otherwise, Hearst argues, the taxation is discriminatory and cannot withstand constitutional challenges. Because the Court holds the subject regulations are inconsistent with the statute providing exemption from sales/use taxes, the Court need not consider constitutional questions. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 227 (Mo. banc 1982); *State ex rel. Board of Mediation v. Pigg*, 362 Mo. 798, 244 S.W.2d 75 (Mo. banc 1951). And, this rule of review by appellate courts applies to review of administrative decisions. *Newcomb v. Patton*, 608 S.W.2d 145 (Mo.App.1980).

The tax in issue was collected pursuant to *§ 144.610, RSMo 1986*, which imposes a use tax on tangible personal property that is stored, used or consumed in Missouri. However, by both statute and regulation several exemptions from this tax have been granted. *Section 144.615, RSMo 1986*, adopts for the use tax all exemptions granted for the sales tax in *§ 144.030.*

*Section 144.030.2(8), RSMo 1986*, exempts:

Newsprint used in newspapers published for dissemination of news to the general public.

The Code of State Regulations contain the following regulations:

*12 CSR 10–3.110* —Publishers of Newspapers:

(1) Publishers of newspapers are not engaged in the business of selling tangible personal property but are providing the dissemination of news to the general public resulting in a service not subject to the sales tax. Persons selling newspapers on a subscription basis, newsstand or otherwise, are not subject to sales tax.

(2) Persons selling materials, supplies or equipment, such as ink, string and printing presses, to publishers of newspapers are subject to the sales tax on the gross receipts from all such sales with the exception of the sales of newsprint which is exempt under the sales tax law. *12 CSR 10–3.114(1)* —Periodicals, Magazines and Other Printed Matter:

(1) Sales of magazines, periodicals and all publications other than newspapers whether made over the counter or by subscription, are subject to the sales tax.

(2) Publishers of books, loose leaf reports and similar items concerning banking, business, insurance, tax law and other similar types of information concerning events such as contractor activities, social and sports events and credit, where there is a general distribution of the same book, report or other publication are sellers subject to the sales tax on their gross receipts from all sales of books, reports and other publications.

(3) Sellers of advertising supplements are subject to a sales tax on the gross receipts from the sale of such supplements unless sold to be inserted into a newspaper.

*12 CSR 10–3.112* —Newspaper Defined:

In order to constitute a newspaper, the publication must contain at least the following elements: it must be published at stated short intervals, usually daily or weekly; it must not, when its successive issues are put together, constitute a book; it must be intended for dissemination of news to the general public; it must contain matters of general interest and reports of current events; and it must generally be in sheet form.

The Court recognizes that the stated purpose of the foregoing regulations are to "interpret the sales tax law" and "interprets and applies *§§ 144.010, 144.021 and 144.030, RSMo 1986*". Nevertheless, regulations may be promulgated only to the

extent of and within the delegated authority of the statute involved. Erroneous regulations are a nullity. *State ex rel. River Corp. v. State Tax Commission*, 492 S.W.2d 821 (Mo. banc 1973); *Bartlett & Co. Grain v. Director of Revenue*, 649 S.W.2d 220 (Mo.1983). Regulations adopted by administrative agencies are required to demonstrate the legal authority for the regulation. The newsprint exception authorized by *§ 144.030.2(8)* cannot be interpreted in such a manner as to create an exemption from taxation that the General Assembly did not authorize.

The Director contends language found in *Daily Record Company v. James*, 629 S.W.2d 348 (Mo. banc 1982), supports the newspaper exemption. The issue in that case was whether or not an advertising supplement was entitled to the same exemption as a newspaper and relied upon *12 CSR 10–3.110* in ruling the case. The validity of the regulation was not challenged or questioned by the parties or the Court.

The newsprint exception simply cannot be converted into a newspaper exemption by the regulations. Newsprint has a definite and fixed meaning: "Newsprint—a cheap machine finished paper made chiefly from ground wood with a little chemical pulp to give strength and used mostly for newspapers." Webster's Third New International Dictionary, Unabridged (1981). "Newsprint—Inexpensive paper made from wood pulp used chiefly for printing newspapers." The American Heritage Dictionary of the English Language (1981).

The regulations purporting to create a newspaper exception from the statutory newsprint exception are beyond the scope of the statute and the authority of the Director of Revenue, and, therefore, a nullity. Hearst's claim for refund was properly denied.

Affirmed.

ROBERTSON, RENDLEN, HIGGINS and COVINGTON, JJ., and DOWD, Special Judge concur.

BLACKMAR, C.J., dissents in separate opinion filed.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.

BLACKMAR, Chief Judge, dissenting.

The record demonstrates that the director of revenue, during the period covered by the petition for review, collected sales and use tax from magazines but not from newspapers. It is patent that this practice, if authorized by the governing statutes, would discriminate between different kinds of print media by reason of their content, and so would violate the first amendment to the Constitution of the United States. *Minneapolis Star & Tribune Co. v. Minnesota Commissioner of Revenue*, 460 U.S. 575, 103 S.Ct. 1365, 75 L.Ed.2d 295 (1983); *Arkansas Writers' Project, Inc. v. Ragland*, 481 U.S. 221, 107 S.Ct. 1722, 95 L.Ed.2d 209 (1987); *Dow Jones & Co. v. Oklahoma* (Okl., No. 70663, July 6, 1989); *Louisiana Life, Ltd. v. McNamara*, 504 So.2d 900 (La.App.1987); *McGraw–Hill, Inc. v. State Tax Commission*, 541 N.Y.S.2d 252 (App.Div.1989).

The principal opinion notes the discrimination, but holds that the governing statutes are not discriminatory, and goes on to hold that the exemption of newspapers by regulation is invalid. It therefore denies the appellant the refund it seeks, on the apparent assumption that the revenue authorities will now collect sales and use tax on the sale of newspapers. If this is done, there will be no discrimination in the future.

It is evident, however, that there has been discrimination in the past. I believe that there should be relief against discrimination which has its origin in administrative action, as well as against legislative discrimination, when first amendment considerations are involved. It is possible, furthermore, that the newspapers, who are not parties to the action before us, will not accept the assessment of a deficiency without litigating. It is probable, also, that deficiencies cannot be assessed for the entire period covered by the claims for refund.

So I would vacate the decision appealed from and would remand the case to the Administrative Hearing Commission with directions to allow the claim for refund to the extent that the discrimination cannot be corrected by assessment of deficiencies against the media which received favored treatment.