**Victor NEWMAN,**
**Petitioner/Respondent,**

v.

**Lewis E. MELAHN, Director**
**of the Division of Insurance,**
**Defendant/Appellant.**

**No. 59753.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 27, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 1991.

Application to Transfer Denied
Nov. 19, 1991.

Mark W. Stahlhuth, Jefferson City, for defendant, appellant.

Raymond A. Bruntrager, St. Louis, for petitioner, respondent.

REINHARD, Presiding Judge.

The Director of the Missouri State Division of Insurance appeals from a circuit court judgment vacating the order of the Administrative Hearing Commission (AHC) suspending petitioner's insurance agent's license because he had been convicted of a felony. Such action is permitted under § 375.141.1(3), RSMo 1986. We reverse and reinstate the suspension of the license.

The facts of the case are undisputed. Petitioner was charged in a 1986 complaint before the AHC with fraudulently conducting insurance transactions by applying for loans to finance premiums for automobile insurance policies to be issued by insurance companies for a term of one year when he knew that the policies would in fact be issued for a term of only six months.

The complaint was amended in March, 1987 adding allegations that petitioner had also transacted insurance business through unlicensed persons. The amended complaint, case no. DI–86–2212, asserted that petitioner's conduct provided grounds for suspension or revocation of petitioner's insurance broker's license and his insurance agent's license under § 375.141.1, RSMo 1986, alleging specifically that petitioner had (1) "demonstrated lack of trustworthiness or competence" and (2) "practiced or aided in the practice of fraud, forgery, deception, collusion or conspiracy in connection with an insurance transaction" and (3) violation of state insurance law.

Petitioner and the Division of Insurance subsequently reached an agreement in which case no. DI–86–2212 was to be dismissed with prejudice. The agreement stipulated that petitioner's broker's license would be revoked but he would be allowed to retain his agent's license. At the hearing, at which the agreement was formally presented, the legal counsel for the Division said:

> We have agreed to allow [Petitioner] to retain his agent's license and that we also dismiss with him but that we do not waive any of our rights to consider the allegations of the amended complaint [case DI–86–2212] if there was a subsequent application for an insurance broker's license on the behalf of [petitioner].

As per the agreement, the AHC dismissed the complaint with prejudice on July 20, 1987. Petitioner surrendered his broker's license but retained his agent's license. On March 28, 1988, petitioner was indicted in federal court for mail fraud. The indictment was based on the same facts as case no. DI–86–2212. On July 11, 1988, petitioner pled guilty and was placed

on probation until July 11, 1993. The investigations by federal authorities and the Division of Insurance had been concurrent. State officials had provided assistance to federal investigators. The Division of Insurance then filed case no. DI–88–1270 on August 22, 1988, alleging that petitioner had violated § 375.141.1(3), RSMo 1986, which states:

> The director may revoke or suspend, for such period as he or she may determine, any license of any insurance agent, agency or broker if it is determined as provided by sections 621.045 to 621.198, RSMo, that the licensee or applicant has, at any time, ...
>
> (3) been convicted of a felony or crime involving moral turpitude.

After a hearing before the AHC, the Director of the Division of Insurance suspended petitioner's agency license for three years, until July 11, 1993.

■ Petitioner filed a petition for review in the Circuit Court of St. Louis County asserting that, because his convictions for mail fraud were based upon the same actions as the earlier disciplinary action by the Division of Insurance, the Division was estopped from violating the earlier agreement. The trial court agreed and vacated the Director's order suspending petitioner's license because "[Director] is equitably estopped to bring the action for suspension based on the criminal convictions because [Director] released all actions in the prior case." This appeal followed. "The decision of the Administrative Hearing Commission is to be upheld when authorized by law and supported by competent and substantial evidence upon the whole record, unless the result is clearly contrary to the reasonable expectations of the General Assembly." *Van Cleave Printing v. Director of Revenue*, 784 S.W.2d 794, 795 (Mo. banc 1990). Neither the circuit court nor this court may substitute its own judgment for that of the Hearing Commission. *Beck v. Jones*, 793 S.W.2d 416, 417 (Mo. App.1990).

■ In his appeal the Director complains that the trial court erred in reversing the decision of the Administrative Hearing Commission because his action in suspending the license was not equitably estopped. Petitioner asserts that because both complaints against him were based upon the same set of facts he was justified in relying upon the dismissal with prejudice to close the case. Petitioner's theory overlooks the principal purpose of § 375.141. Its purpose is not to punish licensees or applicants but to protect the public from just the type of abuse of trust for which plaintiff was eventually convicted. *See Ballew v. Ainsworth*, 670 S.W.2d 94, 98 (Mo.App.1984). In addition, we note that equitable estoppel is very rarely applied to a governmental entity and to do so requires a showing of "manifest injustice." *Shell Oil Co. v. Director of Revenue*, 732 S.W.2d 178, 182 (Mo. banc 1987). The theory behind its infrequent application against governmental bodies and public officials is that public rights should yield only in the face of greater equitable rights possessed by private parties. *State ex rel. Letz v. Riley*, 559 S.W.2d 631, 634 (Mo.App.1977). We believe this argument to be especially compelling in this case. While the statute permits the Director to suspend the license of an agent upon his conviction of any felony or of a misdemeanor involving moral turpitude, the plaintiff here was convicted of a felony in connection with an insurance transaction; a criminal felony related to the business for which he was licensed. The fact that the Director took action prior to conviction should not prohibit further action after a conviction has been obtained. Petitioner does not contend that he entered the first agreement based upon a promise that he would not be prosecuted. Public policy requires that a person convicted of the crime of fraud involving the business for which he is licensed should not be permitted to continue to use that license. We find no "manifest injustice" and decline the requested application of estoppel. *See Shell supra.*[1]

---

1. In support of his claim that estoppel is appropriate, defendant relies upon a Supreme Court

case, *Farmers' and Laborers' Co-operative Ins. Assoc. v. Director of Revenue*, 742 S.W.2d 141

We thus reverse the trial court and order that the suspension of petitioner's insurance license be reinstated.

GARY M. GAERTNER and CRANE, JJ., concur.

(Mo.banc 1987), in which the court said "Fundamental to an estoppel claim against the government is that in addition to satisfying elements of ordinary estoppel, governmental conduct complained of must amount of affirmative misconduct." *Id.* at 143. The court cited *Peoples Bank of Lincoln County v. U.S.*, 635 F.Supp. 642 (E.D.Mo.1986) as authority for this principal. In both of these cases equitable estoppel was not applied against the public entity. It is important to note that in neither case was the public interest at stake as compelling as it is in the case at bar.