**LACINY BROTHERS, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 76080.

Supreme Court of Missouri,
En Banc.

Jan. 25, 1994.

Rehearing Denied Feb. 22, 1994.

---

Donald W. Tripp, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gretchen Garrison Hunter, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Appellant Laciny Brothers, Inc., seeks review of a decision of the Administrative Hearing Commission (AHC) assessing sales tax liability on labor and supply charges separately stated on invoices for the years 1988, 1989, and 1990. The AHC upheld all assessments but disallowed an addition, finding that the failure to pay the tax was "not the result of willful neglect, evasion or fraudulent intent." *See § 144.250.2.*[1] Because this case involves construction of the revenue laws, this Court has jurisdiction. *Mo. Const. art. V, § 3.* Because the decision of the AHC is "unexpected" pursuant to § 143.903, RSMo Supp.1992, the decision assessing additional taxes for labor is reversed. The remainder of the decision is affirmed.

AHC decisions are reviewed to determine whether the decision is authorized by law and whether there is competent and substantial evidence on the record as a whole to support the factual findings. *Mo. Const. art. V, § 18.* This Court gives due deference to the commission's ability to assess the credibility of witnesses. *St. Louis County v. State Tax Com'n,* 406 S.W.2d 644, 649 (Mo. banc 1966). Where the administrative action involves only the application by the agency of the law to the facts, the court may weigh the evidence itself and determine the facts accordingly. Sections *536.140.3* and *621.145.*

---

1. All references to statutes are to RSMo 1986, unless specified otherwise.

## FACTS

Laciny Brothers custom builds metal equipment used by processors of food, chemicals and pharmaceuticals. After conferring with the customer and observing the customer's process, Laciny Brothers makes recommendations to the customer. The customer then orders custom-made tanks, hoppers, conveyors, pans, ovens, and the like, that are deemed necessary for use in the customer's process. In addition, Laciny Brothers performs repairs on metal equipment. All work is done according to customer specifications. The billing practice is the same for both fabrication and repair of equipment for customers. Charges for 1990 and prior years were broken down into three categories: materials, supplies and labor. Sales taxes were only collected and remitted on the materials component until mid–1990. The invoice was prepared in duplicate with both invoices stating the correct amount of sales tax calculated on materials. The invoice retained by Laciny Brothers included the breakdown of supplies, labor, and materials. These entries on Laciny's duplicate original invoice were made contemporaneously with preparation of the customer's invoice.[2] On advice of an accountant, they changed their practice in mid–1990 and began charging sales tax on all three components.

Arlene Laciny Ulz is the president of Laciny Brothers. She has been employed in the business for over fifty years preparing Laciny Brothers' tax returns and managing the office. Specifically, she prepared the sales tax returns for the years currently under audit and also prepared the sales tax returns for 1981 and 1982. Laciny Brothers was audited in 1983 for tax years 1981 and 1982. As in later years, charges were invoiced as labor, materials or supplies. During the 1983 audit, the director did not assess any sales tax on the labor and supply components of Laciny Brothers' sales. The department of revenue auditor told Mrs. Ulz that as long

as labor and supplies were stated separately in the invoice, no tax was due. It is conceded by all parties that the statutes and regulations relevant to the tax in this case remained unchanged in substance from 1981 through 1990.

### I.

Sales tax is imposed on all sales at retail of tangible personal property. Sections 144.-020(1) and 144.021. The department of revenue publishes regulations designed to inform taxpayers as to the interpretation which the department of revenue places upon the statutes in the course of its administration and enforcement of the sales tax law. 12 CSR 10–3.002. The regulations provide that one who purchases material and supplies for use in fabrication of tangible personal property for others is subject to sales tax on the full sales price of the completed or fabricated product. 12 CSR 10–3.032(2). The regulations further provide that the sales price includes charges for labor if such charges are incorporated into the agreed selling price of the property, but "labor charges are not taxable if they are separately stated on the billing invoice." 12 CSR 10–3.044.

Department of revenue sales tax return forms provide a blank under a column marked "Deductions" to enter an amount for "Labor or service charges when billed separately." Thus, the forms indicate that to the extent labor is billed separately, it is to be deducted from gross sales.

Notwithstanding these regulations, department of revenue forms which provide for deduction of separate charges for labor and services, the 1982 and 1983 audits in which no additional assessment was made for labor and supplies, and the representations of the department's auditor in 1983, the department in the 1991 audit assessed sales taxes for labor and supplies although those charges

---

**2.** In its conclusions, the AHC states that the breakdown on Laciny's invoice was entered at some time later than preparation of the customer's invoice and that the "billing invoice" only means the invoice given to the customer. The factual conclusion that the entries on Laciny's invoices were made some time later than preparation of the original invoices is unsupported by

the record. The legal conclusion that the "billing invoice" refers only to a copy of an invoice given to the customer is unsupported by any legal authority. The regulations have no such requirement. No argument is made before this Court that either this finding of fact or conclusion of law is correct. The AHC does not seem to rest its decision on this slender reed.

were separately stated. Those assessments were affirmed by the AHC.

Before the AHC and here, Laciny Brothers argues that the assessments by the AHC were unexpected. An unexpected decision of the AHC "shall only apply after the most recently ended tax period of the particular class of persons subject to such tax imposed by Chapters 143 and 144, RSMo. . . ." Section 143.903.1, RSMo Supp.1992. A decision is "unexpected" if "a reasonable person would not have expected the decision or order based on prior law, previous policy or regulation of the department of revenue." Section 143.903.2, RSMo Supp.1992. Laciny Brothers seeks relief from these unexpected assessments.

The department of revenue argues that 12 CSR 10–3.032(2), noted above, makes labor changes subject to sales tax. This regulation makes no reference to the tax treatment of separately stated labor charges. That subject is directly addressed by 12 CSR 10–3.044, which states that labor charges are not taxable if separately stated on the billing invoice. In any event, the 1983 audit and tax return forms are strong indicators of the department of revenue's policy with regard to any arguable conflicts between its two regulations.

The director argues that the decision in this case is consistent with decisions of this Court dating prior to 1988. The pre–1988 caselaw to which we are directed is *Kilbane v. Director of Revenue,* 544 S.W.2d 9 (Mo. banc 1976). That case held that sales tax was not dependent upon the respective percentages of labor and material used in a product sold. *Id.* at 12. It did not say that sales tax was due on labor where labor and materials for custom work are invoiced separately. By contrast, that issue is directly addressed by 12 CSR 10–3.044(1).

The director of revenue finally makes the dubious argument that *Howard Buick Oldsmobile, Inc. v. Director of Revenue,* 89–001

766 RS (AHC 1991), holding that 12 CSR 10–3.044 and 12 CSR 10–3.072[3] are incorrect statements of the law, establishes that the decision in this case was not unexpected. That decision is obviously inapposite to the instant case because the last year of the Laciny Brothers audit was 1990. *Howard Buick* was not decided until 1991. Taxpayers in general and Laciny Brothers in particular were given no clue prior to 1991 that the department of revenue had adopted a policy contrary to its regulations. Assuming that *Howard Buick* had the effect of invalidating 12 CSR 10–3.044,[4] that decision was not reasonably foreseeable in 1990 and prior years.

The Court concludes that the policy of the department of revenue established by the earlier audit, the sales tax return forms and the regulations in effect in 1990 and prior years was to exclude from taxation labor charges related to the performance of the services by Laciny Brothers where labor charges were stated separately in the billing invoices. The director points to nothing occurring prior to 1991 that would put a reasonable person on notice that some change of policy was afoot. A decision to assess sales tax against separately stated labor charges was unexpected prior to 1991.

Pursuant to § 143.903, "An unexpected decision . . . shall only apply after the most recently ended tax period for the particular class of persons subject to the tax." Thus, the decision to impose sales taxes on separately stated labor charges may not be applied to Laciny Brothers until after the most recently ended tax period. In this case, the decision would not apply to the years 1988 through 1990. Laciny Brothers is, however, liable for taxes actually collected in 1990 and prior years.

■■■ No statute, regulation or case excludes a component characterized as "supplies" from sales tax, nor do the tax return forms indicate such exclusion is permissible. The bare statement of the department's audi-

---

**3.** 12 CSR 10–3.072 relates to repair industries and, like 12 CSR 10–3.044, states that sales of material and labor are taxable unless labor and service charges "are clearly segregated and separately stated from parts or materials on billing or invoice."

**4.** The regulations have not been withdrawn by the department of revenue.

tor in 1983 that if such supplies are separately invoiced, no sales tax is due, by itself is insufficient to establish a policy of the department that sales taxes are not charged on supplies. For the decision regarding assessment of tax on supplies to be unexpected, the taxpayer must show that the decision overrules a case, statute, regulation or policy and the decision was not foreseeable. *Lloyd v. Director of Revenue*, 851 S.W.2d 519, 523 (Mo. banc 1993). That showing is not made regarding supplies.

## II.

 Laciny Brothers contends the AHC erred in upholding the director's decision because the record does not include the necessary sales tax ordinances to support the taxes assessed according to *Consumer Contact Co. v. Dept. of Revenue*, 592 S.W.2d 782 (Mo. banc 1980). Where the tax rate established by an ordinance is at issue, evidence of the ordinance must be present in the record to sustain an assessment based on the ordinance. *Id.* at 785. Here the local tax rates are found numerous times in the record in Laciny Brothers' own invoices. There was no claim that the department assessed local taxes at rates different from those disclosed on the invoices or that such rates were not authorized by law. These invoices with local tax rate calculations constitute an admission by Laciny Brothers regarding the relevant tax rates. *Wills v. Townes Cadillac–Oldsmobile, Inc.*, 490 S.W.2d 257, 260 (Mo.1973). This point is denied.

## III.

Laciny Brothers argues the director is estopped from assessing and collecting sales tax on the separately stated labor charges. It claims to have relied on the 1983 audit wherein no sales tax was assessed on similar charges and the regulations promulgated by the Department.

Three elements must be present to support a claim for equitable estoppel. There must be (1) a statement or representation, (2) an act by a party based on reliance of the statement or representation, and (3) injury to the party who relied due to the reliance. *Missouri Highway & Transporta-*

*tion Com'n v. Myers*, 785 S.W.2d 70, 78 (Mo. banc 1990). To prevail against the government, Laciny Brothers must also prove a government official committed an act of affirmative misconduct. *Farmers' & Laborers' v. Dir. of Revenue*, 742 S.W.2d 141, 143 (Mo. banc 1987). The merits of Laciny Brothers' estoppel claim are questionable as there is no evidence of wrongful conduct by a government official. In any event, a claim based on equitable theories will not lie when there is an adequate remedy at law. *State ex rel. Gen. Dynamics Corp. v. Luten*, 566 S.W.2d 452, 460 (Mo. banc 1978). The equitable doctrine of estoppel need not be invoked in this case because § 143.903 provides this taxpayer with an adequate remedy.

## CONCLUSION

That portion of the AHC decision assessing sales tax for labor separately invoiced from 1988 through mid–1990 is reversed. The remainder of the decision is affirmed.

All concur.