**Kyle BROWN and Teresa Brown, Plaintiffs/Appellants,**

v.

**CITY OF FREDERICKTOWN, Defendant/Respondent.**

No. 65276.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 15, 1994.

Dennis E. McIntosh, Farmington, for appellants.

Kim R. Moore, Perryville, for respondent.

GRIMM, Chief Judge.

Plaintiffs brought a quiet title action against the City of Fredericktown. The trial court granted summary judgment for City. We affirm.

In their sole point on appeal, plaintiffs allege the trial court erred in granting summary judgment because equitable estoppel bars City from claiming any interest in the property. They contend that they purchased the property relying on assurances from City employees that City would not claim the property.

## I. Background

The facts in the light most favorable to plaintiffs are as follows.

Sometime prior to 1973, Shelby Shrum built a building on the tract. In April, 1973, City filed a petition for declaratory judgment against Shelby Shrum and his wife. The suit alleged that a controversy existed as to whether the building was on land that was a dedicated street.

That suit was not pursued. In April, 1975, City's attorney advised the trial court that there was no objection to dismissing the case for failure to prosecute. The trial court dismissed it.

Shelby Shrum died in October, 1990. Apparently his heirs offered to sell the property to City. On April 19, 1991, City's attorney stated that City did not want to purchase the property. Further, the letter said: "... the City will not be presenting any objections with regard to any other purchasers."

On May 31, 1991, the attorney for Shelby Shrum's estate wrote City's attorney. The letter confirmed a conversation where City's attorney told him that "the City will continue to provide utility service" to the property. The letter continued, "[b]ased on this representation, we will commence to sell this property to a third party since the City is not interested in purchasing the property."

In July, 1991, the estate sold the property to plaintiffs. In part, the deed says the tract is 165 feet in length, described as "[a]ll of Catherine Road (formerly known as Murray Mill Road)." Apparently this road was dedicated and platted in 1907 but never used as a roadway. In 1991 and 1992, city assessed real estate taxes against the property, which were paid.

Plaintiffs brought this action to quiet title. Both plaintiffs and City filed motions for summary judgment. The trial court granted City's motion.

## II. Equitable Estoppel

In their only point, plaintiffs allege the trial court erred in granting City's motion for summary judgment. They contend that City is estopped from claiming any interest in the property because of City attorney's representations and the dismissal of the 1973 lawsuit. Further, they argue that they relied on these statements in purchasing and improving the property.

Equitable estoppel is rarely applied to governmental entities. To do so requires a showing of "manifest injustice." *Newman v. Melahn*, 817 S.W.2d 588, 590 (Mo.App. E.D.1991). The theory behind its infrequent application is that "public rights should yield only in the face of greater equitable rights possessed by private parties." *Id.* In addition to satisfying the elements of ordinary estoppel, the conduct complained of must amount to affirmative misconduct. *Farmers & Laborers' Coop. Ins. Ass'n v. Director of Revenue*, 742 S.W.2d 141, 143 (Mo. banc 1987); *Eston v. Aman*, 847 S.W.2d 902, 907 (Mo.App.E.D.1993).

Here, City allowed the 1973 lawsuit to be dismissed without objection. In 1991, City's attorney sent a letter indicating that City's administrator assured him that City did not wish to purchase the property and would not interfere with a sale. Another letter stated that city would continue to provide utilities to the property. City did not benefit from these representations. These actions do not amount to the affirmative misconduct necessary to justify application of equitable estoppel. *See Farmers' & Laborers'*, 742 S.W.2d at 144 (Revenue Director's failure to enforce statute not sufficient); *Peoples Bank of Lincoln County v. United States*, 635 F.Supp. 642, 644 (E.D.Mo.1986) (county supervisor's assurances to bank that loan would be issued did not rise to necessary misconduct).

Also, we note that neither City's administrator nor City's attorney had authority to abandon the property. The street could only be abandoned by an affirmative act on the part of the board of aldermen. § 88.673, RSMo 1986; *see also Mahaffy v. City of Woodson Terrace*, 609 S.W.2d 233, 238 (Mo. App.E.D.1980).

A person dealing with a municipal government must take notice of the limited power of the representative they are dealing with. *McDonald Special Road Dist. v. Pickett*, 694 S.W.2d 273, 277 (Mo.App.S.D.1985). Moreover, it is well established that a governmental entity is not estopped by misrepresentations of its agents. *State ex rel. Div. of Family Serv. v. Ruble*, 684 S.W.2d 949, 951 (Mo.App.E.D.1985). Accordingly, City was entitled to summary judgment as a matter of law. Point denied.

The trial court's judgment is affirmed.

WHITE and DOWD, JJ., concur.