JOSEPHINE G. WOOD v. PHIL DEUSER, Successor Assessor to MARTIN L. NEAF of St. Louis County, and FORREST SMITH, State Auditor, Appellants.—164 S. W. (2d) 303.

Division Two, September 8, 1942.

*Roy McKittrick,* Attorney General, and *Russell C. Stone,* Assistant Attorney General, for appellants.

*Henry C. Lowenhaupt, Abraham Lowenhaupt* and *William H. Charles* for respondent; *Lowenhaupt, Waite & Stolar* and *Chasnoff, Willson & Cunningham* of counsel.

BOHLING, C.—Phil Deuser, Assessor of St. Louis County, and Forrest Smith, State Auditor, perfect this appeal from a judgment abating an additional assessment of $315.54 income tax for the year 1935 against Josephine G. Wood, plaintiff nisi. The issue in substance is: May plaintiff legally claim a tax credit for the year 1935 on dividends of a Missouri corporation (which paid its Missouri income tax on the earnings involved) paid to a foreign corporation whose only activity was the holding of the stock of the Missouri corporation, and which dividends in turn are payable to a trust estate holding the legal title to stock of said foreign corporation for the use and benefit of plaintiff, a Missouri resident?

The A. P. Green Fire Brick Company is a Missouri corporation (hereinafter designated the Missouri corporation). The Jopergreen Corporation (hereinafter designated the Delaware Corporation) is a foreign corporation, organized under the laws of the state of Delaware, holding the stock of said Missouri corporation. Plaintiff was one of several beneficiaries in like trust indentures created by A. P. Green and Josephine B. Green, husband and wife, said trust estates including among their assets shares of stock of said Delaware corporation. The Missouri corporation paid a Missouri income tax on 54.58 per centum of its net income for the year 1934, the year preceding the questioned return of plaintiff. Plaintiff's 1935 income tax return, in so far as material, showed a "total gross income" of "$29,328.85," including the item: "(3) Dividends on stock of corporations etc., $28,905.72." A "net income" of $26,273.29" was shown after allowable deductions from income. Under "Computation of Tax" a "net tax after special credit" of "$915.93" was shown. Then followed the item in dispute: "Less: Tax credit on dividends (2%) 54.58% of $28,905.72 — $315.54;" resulting in a net tax of $600.39. The $28,905.72 item ██ represents plaintiff's interest under said

trust estates in dividends paid by the Missouri corporation to the Delaware corporation. Plaintiff's claim has its foundation in Sec. 11350, R. S. 1939, which, in part, provides:

"For the purpose of this article the tax on income included in the return of any stockholder of any corporation, . . . received or earned during the taxable period, shall be credited with the amount obtained by multiplying the rate of the Missouri state tax on corporate income by the amount or portion of such dividends, or net earnings of any corporation . . . upon which such corporation . . . paid income tax to the state of Missouri for its last preceding taxable period . . ."

▮ Under said Section 11350 plaintiff would have been entitled to the credit here claimed had she received the $28,905.72 as a stockholder of the Missouri corporation. However plaintiff's interest in said $28,905.72 is under and by virtue of her beneficiary interest in the aforesaid trust indentures. Defendants argue that plaintiff is not entitled to the claimed credit because: First, plaintiff is not a stockholder of a corporation; i. e., the Missouri corporation or the Delaware corporation. Second, that the corporation whose dividends are involved, the Delaware corporation, paid no income tax on its net earnings to the State of Missouri for its last preceding taxable period. It was established of record that the practice for a number of years of those charged with the administration of the law had been to allow known beneficiaries of ascertained interests in trust estates to credit, under Section 11350 in their income tax returns, the tax paid by a corporation upon its earnings in those instances wherein its corporate dividends were payable to the trust estate by reason of its holding the legal title to stock in the corporation for the use and benefit of the beneficiary. This interpretation of the law was not contradicted of record, is not disputed here, and accords, we think, with Section 11347, R. S. 1939; which, so far as material, provides: "Income received by estates of deceased persons . . . and also such income of estates or any kind of property held in trust . . . shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of tax by the beneficiary, to be assessed to the . . . trustee . . .: *Provided,* that where the income is to be distributed annually or regularly between existing . . . beneficiaries, the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed." This contemplates that the interest of known beneficiaries in their ascertained income of trust estates may be reported in the income tax returns of said beneficiaries and taxed as the income of said beneficiaries. The result is to ignore the entity of the trust estate and treat its income as the income of its beneficiaries. Plaintiff would have been entitled to the claimed credit had the trust

estates held the stock of the Missouri corporation entitling them to the direct payment of said $28,905.72.

What then is the effect of the existence and functioning of the Delaware corporation upon the situation? The parties stipulated that the Delaware corporation (the Jopergreen Corporation) "owned and held all of the stock of the A. P. Green Fire Brick Company" (the Missouri corporation), and "owned no asset other than said stock of the A. P. Green Fire Brick Company, and its only activity was holding such stock."

Section 11343, R. S. 1939, is the tax levying section. It provides: "There is hereby levied a per centum tax on net income in each year as follows: . . .

"Second. . . . a tax shall be levied upon . . . and paid by every corporation . . . not organized, authorized or existing under the laws of this state, not now or hereafter exempted and not subject to tax under the next subdivisions of this section, at the rate of two per cent (2%) of net income . . . received from all sources within this state, during the preceding year; . . . *and provided further*, that the rate of two per cent (2%) of net income in this subdivision levied . . . is hereby declared and provided as the rate or per cent of net income levied and assessed by, and as applicable to, subdivisions third, fourth, fifth, sixth and seventh of this section.

"Third. Each year . . . a tax shall be levied upon . . . and paid by every corporation . . . organized, authorized or existing under the laws of this state, and by every corporation . . . licensed to do business in this state, . . . except such as may now or hereafter be exempted, . . . and except corporations whose only activity is the investment and/or re-investment of its own funds in stocks, bonds, any other securities, real estate, leaseholds, annuities, any other interest in real estate, and/or holding stocks, bonds, other securities, real estate, leaseholds, annuities or any other interest in real estate, in such per centum, as now or hereafter provided, of the net income from all sources in this state during the preceding year. Income shall include all gains, profits and revenues from the transactions of the business of the corporations in this state, . . . and all other income from sources in this state as income is otherwise defined."

Section 11345, R. S. 1939, which defines income, among other things, provides: ". . . income shall also include . . . the share of each stockholder in the undistributed profits and earnings of corporations . . . whose income is not exempted and against whose income there is no provision for a tax. Interest on bonds . . . and dividends on capital stock, and undistributed profits and earnings of corporations . . . whose income is not exempted and against whose income there is no provision for a tax,

accruing on account of business and transactions in this state . . . shall be considered as from sources within this state. . . . Dividends on corporate stock owned by another corporation shall not be income of the corporation receiving such dividends where the corporation declaring the dividend has paid its tax to this state on the portion of its income subject to tax by this state.''

To the extent that the Missouri corporation paid a tax on its dividends reaching the Delaware corporation the income, derived from sources within the State of Missouri, is not to be considered income of the Delaware corporation under Section 11345. Defendants say the Delaware corporation paid no tax to the State of Missouri. They point to no provision of the law exacting a tax on the income of the Delaware corporation nor do they contend that its income falls within the classification of income exempted under Section 11344, R. S. 1939, from the tax. Under Section 11345, supra, income includes the share of stockholders ''in the undistributed profits and earnings of corporations . . . whose income is not exempted and against whose income there is no provision for a tax.'' In addition Subdiv. Third, Section 11343, excepts ''corporations whose only activity is the investment and/or re-investment of its own funds in stocks, . . . and/or holding stocks . . .'' It was established of record and not controverted that the income of such investing companies was considered the income of their shareholders (the corporation was not treated as a separate entity) for income tax purposes by those administering the law. We think the legislative intent was to ignore the corporate entity of corporations functioning as the Delaware corporation functioned according to this record and to treat their income as the income of their stockholders. If the income involved represented undistributed profits and earnings and is to be treated as the property of the Delaware corporation, and not plaintiff's income, plaintiff would owe no tax as her return shows an income on only $423.13 in addition to the $28,905.72 reported on the blank furnished by the State as ''dividends on stock of corporations, etc.'' Re Union El. Co. (Banc), 349 Mo. 73, 161 S. W. (2d) 968, 970(2-4), states: ''It is true that for most purposes of corporation law a corporation is considered as a legal person separate and distinct from its shareholders. As such the law considers it the owner of its capital assets. Yet when we penetrate beneath the cloak of legal fiction it is apparent that in the economic sense the real owners of the corporation assets are its shareholders. . . . In the field of income taxation in particular it is important to penetrate beyond legal fictions and academic jurisprudence to the economic realities of the cases.'' The income involved had its source in the State of Missouri. It arose out of business transactions here. (See Re Union El. Co., supra; Section 11345, supra.) The Missouri corporation paid a Missouri income tax thereon. The provisions of the law invoked by plaintiff are in recognition that

certain income has already been taxed. Double taxation is not favored and is not to be presumed. [Automobile Gasoline Co. v. St. Louis, 326 Mo. 435,.443, 32 S. W. (2d) 281, 283(3); State v. Hallenberg-Wagner Motor Co., 341 Mo. 771, 778(3), 108 S. W. (2d) 398, 402(7).] We think what has been said suffices. The law seemingly seeks the substance of the economic situation.

With the Jopergreen Corporation functioning only as the holder of all the stock of the A. P. Green Fire Brick Company and engaging in no other activity, we conclude it served, for the purposes of the Missouri income tax law, as a mere conduit, the same as the trust estates involved, for the passing of the dividends of the A. P. Green Fire Brick Company to plaintiff; that neither it nor the trust estates are to be treated as entities separate and apart from the ultimate beneficiaries for such purposes; and that plaintiff, under the submission made, is entitled to the claimed credit. [Consult Corporation of America v. Johnson, 7 Cal. (2d) 295, 60 Pac. (2d) 417, 418(1-3).]

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.