**STATE ex rel. DENNY'S, INC., et al., Respondents,**

v.

**Gerald H. GOLDBERG, Director of Revenue, Appellant.**

No. 60761.

Supreme Court of Missouri, en banc.

April 10, 1979.

**926**

John D. Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

Dennis L. Davis, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, for respondents.

DONNELLY, Judge.

It is asserted that this case involves the construction of the revenue laws of this state. Mo.Const. Art. V, § 3.

Respondents own and operate several "Denny's" restaurant franchises at various locations throughout Missouri.

Pursuant to a written policy, respondents' employees are permitted to consume one meal, free of charge, for each four hours of work. This policy is consistent with the custom of restaurant operators in the communities where respondents do business and elsewhere. The employees are paid a fixed wage. No additional compensation is paid if any meals are not eaten. No specifically identifiable labor or service is being paid for by the meals. The transactions at issue are thus distinguishable from one where labor or services are bartered solely for meals.

When an employee eats a meal, a guest check is written out and taken to the manager, who initials it. The check is then given to the cook and the cook prepares the employee's meal. The employee's meal checks are not rung up on the cash register and, therefore, are not considered as part of a restaurant's gross sales.

Respondents have developed formulas, validated by periodic audits, which enable them to determine the average cost of each employee meal and to take the costs of employee meals into consideration in setting menu prices. The current average cost of an employee meal is $1.75. This represents a constant 1–1.5% of the gross retail sales of each restaurant. *This 1–1.5% figure is added to the figure representing the cost, to the restaurant, of all food items purchased from suppliers to determine the restaurant's total food cost. Menu price adjustments are determined on the basis of total food cost.*

When purchasing food from suppliers, respondents' restaurants do not make separate purchases for use in employee meals.

When purchasing, respondents' restaurants do not know what their employees will choose to eat. It is known, however, that employees will consume 1–1.5%, in value, of the food purchased. Although not the subject of a stipulation, respondents apparently pay no sales or use tax on food purchased from suppliers since the food is purchased for resale.

Respondents are required to pay Federal Insurance Contributions Act taxes on the value of meals provided to employees. For this purpose respondents value the meals at one dollar per employee per eight hour day and fifty cents for each day of six hours or less.

On September 29, 1975, appellant assessed an additional tax against each of respondents' restaurants. The tax was on the value of the meals provided to respondents' employees, with the meals being valued at the same level as is done for FICA purposes. Respondents paid the taxes under protest. This litigation was then initiated.

A hearing was held before a Department of Revenue hearing officer on January 20, 1976. Appellant concluded that provision of the meals does constitute a taxable sale at retail because the meal is tangible personal property exchanged for valuable consideration in the form of services. The value placed on the meals for FICA purposes was concluded to be a fair value for sales tax purposes.

Appellant's decision was appealed to the Circuit Court of Jackson County, Missouri. The facts are stipulated. On March 27, 1978, the Circuit Court reversed appellant's decision. The court ordered a refund of the tax paid under protest, plus interest, and assessed costs against the Director of Revenue.

This appeal was filed by the Director of Revenue on April 27, 1978.

Section 144.020, RSMo 1969, levies a tax "upon all sellers for the privilege of engaging in the business of selling tangible personal property * * * at retail in this state."

Section 144.010, subd. 1(8), RSMo 1969, defines "sale at retail" as "any transfer made by any person engaged in business as defined herein of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration * * *."

The question posed on this appeal is whether the serving of meals by a restaurant to its employees without an exchange of money constitutes a "sale at retail" as that term is used in § 144.010, subd. 1(8), so as to render the restaurant subject to the gross receipts tax imposed by § 144.020.

■ We decline to rule the question, *on the facts in this particular case,* because we have concluded that tax on the value of the meals provided by respondents to their employees is being paid.

In the hearing before the Department of Revenue, respondents introduced testimony which tended to show that respondents know the cost to them of employee meals and factor this cost into the total cost of producing meals for the public. This testimony was not rebutted. Menu prices, upon which sales tax is paid, are set by reference to the cost of producing meals, including the cost of meals furnished to employees. The relationship between the cost of employee meals, total costs of production, and menu prices is shown through mathematical formulas used by respondents which are validated by periodic audits of respondents' restaurants. The cost of the meals provided to employees is thus just another cost of production.

Respondents argue, persuasively we believe, that if the value of meals furnished to employees is taxed as appellant proposes, the value of the meals will be sales-taxed twice. Since the value of the meals is a production cost to respondents, it raises the retail menu price of meals by an amount equivalent to the value of the meals. Part of the tax paid by restaurant customers on their meals is thus a payment of tax on the value of meals provided by the restaurant

to its employees. Since the value of the meals is taxed once as it passes from restaurant to customers, a tax on the same value as it passes from restaurant to employee would be a double tax.

 Although taxing the value of the meals provided to employees twice would not be unconstitutional, we cannot approve such practice in the absence of express legislative intent. *Wood v. Deuser,* 349 Mo. 1187, 1193, 164 S.W.2d 303, 305 (Mo.1942); 71 Am.Jur.2d *State and Local Taxation* § 33.

Respondents concede that the trial court erred in assessing costs against the Director of Revenue. In all other respects, the judgment of the trial court is affirmed.

The case is remanded for proceedings not inconsistent with this opinion.

MORGAN, C. J., and RENDLEN, SEILER, SIMEONE and WELLIVER, JJ., concur.

BARDGETT, J., concurs in result.