**KANSAS CITY POWER & LIGHT COMPANY, etc., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**(Consolidated with)**

**UNION ELECTRIC COMPANY, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**Nos. 71566, 71653.**

Supreme Court of Missouri, En Banc.

Feb. 13, 1990.

Steven R. Sullivan and Barbara A. Enneking, St. Louis, for Union Elec. Co.

Robert P. Gingrich, Jr., Kansas City, for Kansas City Power & Light Co.

William L. Webster, Atty. Gen. and Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Chief Justice.

The petitioners in this consolidated case are utilities solely engaged in the generation of electric current which is sold to individual and business consumers. They consume a portion of the power they generate at their own installations, which include offices, plants, garages, and storage facilities.

The utilities consume fuel in producing steam which turns the turbines to generate electric current. The usual fuel is coal, but oil and uranium may also be used. The result does not depend on the kind of fuel used.

The utilities for many years paid no Missouri sales or use tax on their fuel purchases. The director then sought to collect sales or use tax on that portion of the fuel which is used to generate the electricity consumed by the utilities in their own facilities, and assessed deficiencies and penalties. The Administrative Hearing Commission upheld the assessment and the utilities appeal. We likewise sustain the director.

■ The utilities point to § 144.030.2(1), RSMo 1986, which exempts from the sales tax, and necessarily from the use tax, "fuel to be consumed in manufacturing or creating ... electrical current ... to be sold ultimately at retail." They claim that all of their facilities serve the ultimate purpose of manufacturing or creating electric current to be sold at retail, and so are within the exemption.

■ We do not agree. Although statutes imposing taxes are construed strictly against the taxing authority and in favor of the taxpayer[1] the rule is otherwise as to exemptions, which are construed strictly against the taxpayer.[2] The exemption statute does not explicitly exempt all fuel con-

---

1. *Tiger v. State Tax Commission,* 277 S.W.2d 561 (Mo.1955); *American Bridge Co. v. Smith,* 179 S.W.2d 12 (Mo.1944), *cert. denied* 323 U.S. 712, 65 S.Ct. 37, 89 L.Ed. 573 (1944).

2. *Shell Oil Co. v. Director of Revenue,* 732 S.W.2d 178 (Mo. banc 1987), appeal dismissed, 485 U.S. 983, 108 S.Ct. 1283, 99 L.Ed.2d 494 (1988); *Missouri Public Service Co. v. Director of Revenue,* 733 S.W.2d 448 (Mo. banc 1987).

sumed by a utility which generates electricity. We do not believe that the legislature intended such a broad exemption.

The taxpayer points out that, if it is held to pay sales and use taxes, the Public Service Commission will allow it to include these taxes in the computation of allowable rates. It argues that this constitutes double taxation, citing *State ex rel. Denny's Inc. v. Goldberg,* 578 S.W.2d 925 (Mo. banc 1979), in which a restaurant was not charged sales tax on meals furnished employees, and *King v. National Super Markets, Inc.,* 653 S.W.2d 220 (Mo. banc 1983), in which paper bags furnished without cost to grocery customers to hold their purchases were not taxed to the grocer. In each of those cases we considered the circumstance that the cost of the furnished items was factored into the cost of the items sold to the customers, on which sales tax was paid.

The argument is not without persuasive force, but it proves too much. Sellers of all kinds consume personal property as part of their overhead. They are charged with sales tax on these overhead items even though they necessarily consider the cost of these items in determining the prices they charge. All taxes assessed against a supplier necessarily impact the consumer. For these taxpayers, power to light the home office is not essentially different from typewriters or paper clips. *Denny's* and *National Super Markets* are distinguishable in that the articles involved were given to others rather than being consumed by the seller.

The taxpayers complain about the methods used in allocating their fuel purchases between in-house consumption and sale of current to customers, but do not include any point about the method of allocation in their briefs. Nothing is before us, then, on this point. The director must sometimes use allocation and computations in auditing returns and assessing deficiencies. This presents an evidentiary problem. Whether the method is proper is a matter of fact on which we defer to the Administrative Hearing Commission.

On one point we agree with the appellant Kansas City Power & Light Company. It complains that the deficiencies were assessed at the point of in-house consumption, and included any state and local sales taxes required to be collected by the director. The director does not brief the point, and we find it to be well taken. For sales taxes, the applicable tax is determined by the situs of the sale.[3] For the use tax the tax is determined at the first place in the state at which the taxpayer exercises the privilege of *"storing, using or consuming...."*[4] The case must be remanded for recomputation of the tax due.

The decision in Case No. 71653 is affirmed.

The decision in Case No. 71566 is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

All concur.

---

3. § 144.020, RSMo 1986; *Shell Oil Co. v. Director of Revenue,* 732 S.W.2d 178 (Mo. banc 1987).

4. § 144.610, RSMo 1986; *R & M Enterprises, Inc. v. Director of Revenue,* 748 S.W.2d 171 (Mo. banc 1988).