**DIVISION OF LABOR STANDARDS, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, STATE OF MISSOURI, Appellant,**

v.

**FRIENDS OF THE ZOO OF SPRINGFIELD, MISSOURI, INC., et al., Respondents.**

No. SC 82858.

Supreme Court of Missouri, En Banc.

March 6, 2001.

---

**422**

Michael Pritchett and David A. Meyer, Jefferson City, for Appellant.

Randy P. Sheer, Bob Lawson, Jr., Carl Yendes and Howard Wright, Springfield, for Respondent.

BENTON, Judge.

The Division of Labor Standards sued the city of Springfield, and a not-for-profit corporation, Friends of the Zoo of Springfield, Missouri, Inc. The circuit court granted summary judgment to defendants. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, section 10.* Reversed and remanded.

## I.

The Springfield–Greene County Park Board is a department within the city of

Springfield. The Board administers the Dickerson Park Zoo, which is owned by the city. Friends of the Zoo of Springfield, Missouri, Inc., is a charitable organization, funded entirely by private contributions. Its stated purpose is to aid "development" of Dickerson Park Zoo.

On December 3, 1998, Friends of the Zoo requested bids to construct a 2,700–square foot building for reptile exhibits. The project will be funded by Friends of the Zoo, located on Zoo property, and ultimately donated to the city.

The Division notified the Park Board that the request for bids by Friends of the Zoo violated the prevailing wage law, 290.250 RSMo 2000.[1] The Division demanded that the invitation for bids be withdrawn. The city responded that payment of prevailing wages is not required on the project.

Two days after the letter, the Division sued the defendants. The circuit court ruled that the project was not subject to the prevailing wage law.

## II.

■ Prevailing wages shall be paid to workers "employed by or on behalf of any public body" engaged in the construction of public works. *Section 290.230.1.* The parties agree that the reptile house is a "public works;" that the city is a "public body;" that the Friends of the Zoo is not a "public body;" and that the workers are not employed "by" the city. The issue is whether the workers are employed *on behalf of* a public body engaged in the construction of public works.

### A.

■ In determining this issue, the Division invokes the "real and ultimate beneficiary" test from *Henry County Water Co. v. McLucas,* 21 S.W.3d 179, 183–84 (Mo. App.2000). There, the court held that the city of Clinton would "benefit directly" from the construction by the private enti-

---

1. All statutory citations are to RSMo 2000.

ty. *Id.* at 184. The private entity, therefore, was deemed to employ workers *on behalf of* the public body, and to be subject to the prevailing wage law. *Id.* The court in *Henry County* recognized that the city had "no involvement in the design and construction" of the public works, but held this irrelevant because the city was the "real and ultimate beneficiary." *Id.* at 183.

This conclusion has two shortcomings. First, the real and ultimate beneficiary concept is contained within the definition of "public works." The prevailing wage law defines "public works" as all construction for "public use or benefit." *Section 290.210(7)*. The term "public use or benefit" necessarily includes construction that has a public body as the real and ultimate beneficiary. When the General Assembly further requires that the workers be employed *on behalf of* the public body, it did not repeat the same requirement already in the phrase "public use or benefit."

> It is presumed that every word, clause, sentence, and provision of a statute was intended by the legislature to have effect and be operative. Conversely, it will not be presumed that the legislature inserted idle verbiage or superfluous language in a statute.

*State ex rel. Ashcroft v. City of Sedalia,* 629 S.W.2d 578, 583 (Mo.App.1981) (citations omitted).

Second, the real and ultimate beneficiary test ignores that the prevailing wage law applies to "any public body engaged in the construction of public works." *Section 290.230.1*. This was so critical that the General Assembly explicitly declared the policy of this state that the prevailing wage law applies to "any public body engaged in public works." *Section 290.220*. The real and ultimate beneficiary test focuses on the eventual recipient, whereas the prevailing wage law is implemented throughout the period from bidding through actual construction. *Sections 290.210(1), 290.250, 290.265, 290.320, and 290.325.*

The real and ultimate beneficiary test is not consistent with the plain language of the prevailing wage law. The *Henry County* interpretation of the prevailing wage law is incorrect and should no longer be followed.

## B.

▮▮▮ The defendants, at times, contend that construction is *on behalf of* the public body only if the private entity is an agent of the public body, by general principles of agency law. See *State ex rel. Ashcroft v. City of Sedalia*, 629 S.W.2d at 584–85. The General Assembly, however, did not use the term "agent," or any other specific words indicating agency. "The primary rule of statutory construction is to ascertain the intent of the lawmakers by construing words used in the statute in their plain and ordinary meaning." *Hyde Park Housing Partnership v. Director of Revenue,* 850 S.W.2d 82, 84 (Mo. banc 1993). The phrase *on behalf of* is broader than "by an agent of." The phrase *on behalf of* means "in the interest of: as the representative of: for the benefit of." *Websters' Third New International Dictionary* 198 (1976). The phrase *on behalf of* is not confined to the concept of agency. The defendants interpret the prevailing wage law too narrowly.

## C.

The prevailing wage law applies to workers employed on behalf of "any public body engaged in the construction of public works." *Section 290.230.1; cf. section 290.220*. A public body constructing public works may not circumvent the prevailing wage law by a "carefully constructed legal facade." *State ex inf. Webster ex rel. Division of Labor Standards v. City of Camdenton,* 779 S.W.2d 312, 316 (Mo.App. 1989). In the *Camdenton* case, the city supplied the plans and specifications for the public works, retained the right to change the plans, and supervised the construction. *Id.* Because the construction was on property previously owned by the

city, sold to the private entity and later leased back to the city, the ownership of property was not a determining issue. Where, by all the facts and circumstances, a private entity and a public body create a facade behind which the public body engages in public works, the workers are employed *on behalf of* the city.

### III.

■ This case was decided on cross-motions for summary judgment. Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Rule 74.04(c)(3).* This Court reviews *de novo* a grant of summary judgment. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). None of the parties, however, has shown whether the city was engaged in public works.

Some facts before the circuit court suggest that the city was so engaged and that the workers were employed on its behalf. A city employee, the zoo superintendent, is the executive director and registered agent of the Friends of the Zoo. This city employee, in general, "manages and controls" the business and affairs of the Friends of the Zoo. The city employee also administers the paid personnel of the Friends of the Zoo, and "prepares and presents the annual operating budgets for board approval." In addition, the Finance Committee of the Friends of the Zoo works "closely with the zoo superintendent in determining the financial needs of the zoo."

The record, however, does not show the specific acts by the city employee on the reptile house project. The record does contain an affidavit by the Division requesting time for discovery on this issue, under Rule 74.04(c)(2), (f). The trial court did not permit additional discovery and granted summary judgment. On remand, discovery appears appropriate. If the city, through its employee, is engaging in public works, based on all the facts and circum-stances, then Friends of the Zoo is building the reptile house *on behalf of* the City.

Neither party met its burden for summary judgment. *ITT Commercial Finance,* 854 S.W.2d at 371. The judgment is reversed and the case remanded for proceedings consistent with this opinion.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN and WOLFF, JJ., concur.