Ernest SKABIALKA, Jr.,
et al, Appellants,

v.

**TORT VICTIM COMPENSATION
FUND, Respondent.**

No. ED 83642.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 4, 2004.

David Moen, Jefferson City, MO, for appellant.

William R. Kennedy, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

Ernest Skabialka, Jr., Samson Kepoo, Cynthia Rosner, and Renee LeClaire ("Claimants") appeal the decision of the Labor and Industrial Relations Commission ("Commission") denying compensation from the Tort Victims' Compensation Fund ("Fund"). Claimants contend the Commission erred in denying them compensation because each meets the definition of an "uncompensated tort victim" under Section 537.675.1(6) RSMo 2002.[1] The State argues, in essence, that even if Claimants each meet the definition of "uncompensated tort victim," the legislature conferred upon the Division of Workers' Compensation ("the Division") the statutory authority to investigate Fund claims and the Commission is not required to award compensation. We agree and affirm the Commission's decision, except with respect to Renee LeClaire. For the reasons stated below, we dismiss the appeal of Renee LeClaire.

## I. *Background*

Claimants are children of Ernest Skabialka, Jr. Mr. Skabialka worked as a machine operator and die setter. On July 18, 1998, Mr. Skabialka was operating a blow mold machine manufactured by Schlueter Manufacturing Company ("Schlueter"). Schlueter allegedly modified the machine by removing guardrails and other safety devices prior to selling it to Mr. Skabialka's employer. Mr. Skabialka fell into an opening in the machine and was fatally injured. An Occupational, Safety and Health Administration ("OSHA") investigation conducted following Mr. Skabialka's death revealed various safety violations caused by the modification of the machine.

Samson Kepoo, one of the Claimants, filed a workers' compensation claim against Mr. Skabialka's employer and received in excess of $27,000.00 in benefits. Thereafter, the Claimants filed a wrongful death action in the Circuit Court of Osage County against Schlueter. Because Schlueter was out-of-business, the court appointed a defendant ad litem on behalf of Schlueter.

The parties submitted a Joint Stipulation of Fact to the trial court. The Joint Stipulation provided, among other things, that Schlueter (1) modified the machine rendering it unsafe, (2) knew the modification was unreasonably dangerous and (3) was thereby negligent. The circuit judge entered a judgment in favor of the Claimants. The judgment awarded each of the

---

1. All further statutory references are to RSMo 2002 unless otherwise noted.

Claimants $350,000.00 and became final on or about December 13, 2002.

On December 31, 2002, Claimants each filed an Application for Tort Victims' Compensation with the Division of Worker's Compensation ("the Division"). On April 2, 2003, the Division determined that Claimants were not entitled to benefits on the basis that: (1) "[a] Workers' Compensation (sic) case is not a tort" (2) "there was no evidence the machine malfunctioned" and (3) "[a] default judgment against a defunct company . . . is not proof of a valid tort claim."

Following the Division's administrative denial of compensation, the Claimants requested a hearing before an administrative law judge ("ALJ"). On May 6, 2003, the ALJ held a hearing. Thereafter, the ALJ ruled that Claimants were not "uncompensated tort victims" pursuant to Section 537.675.1(6)(b), stating, among other things, that "the record does not reflect the existence of a tort." In addition, the ALJ concluded that no evidence supported a determination that the machine at issue either malfunctioned or was modified in an unsafe way. The ALJ also ruled that the claim involved an on-the-job injury and compensation was provided through the workers' compensation law. The Commission affirmed the award, holding that it was supported by competent and substantial evidence.

## II. *Jurisdiction*

■ Pursuant to Section 537.690, "[a]ny party who is aggrieved by a final decision of the commission . . . may seek judicial review thereof by appealing . . . to the appellate court having jurisdiction in the area where the appellant resides." Each of the Claimants resides within the geographical confines of the Missouri Court of Appeals, Eastern District with the exception of Renee LeClaire. Ms. LeClaire resides in the state of Georgia. Both Claim-ants and the State contend the Court has jurisdiction over Ms. LeClaire. However, "where the language of a statute is clear, courts must give effect to the language as written." *Dorsey v. State of Missouri*, 115 S.W.3d 842, 844 (Mo. banc 2003). Whether intended or not, the statute as written, plainly divests this Court of jurisdiction over Ms. LeClaire. Accordingly, we dismiss the appeal of Renee LeClaire.

## III. *Standard of Review*

■ When reviewing the Commission's decision, the Court reviews the record as a whole to determine whether there is competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). The Court may modify, reverse, remand for hearing, or set aside an award if: (1) the Commission acted in excess of its powers; (2) the award was procured by fraud; (3) the facts do not support the award; or (4) the evidence was insufficient to warrant an award. *Id.*

## IV. *Analysis*

Claimants argue in their first point that because they meet the definition of "uncompensated tort victim" pursuant to Section 537.675, the Commission is required to award compensation. In response, the State argues that the statutory scheme provides the Commission with the discretion to deny all or part of the compensation requested by an eligible claimant.

To properly analyze Claimants' first point, we must ascertain the intent of the legislature and do so by construing the plain and ordinary meaning of the statutory language. *Hyde Park Housing v. Director of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993). We give effect to "every word, clause, sentence and provision of a statute . . ." *Id.* Moreover, we presume that the "legislature did not insert idle verbiage or superfluous language" in the statute. *Id.*

The definition of "uncompensated tort victim" is set out in Section 537.675.1(6). In relevant part, the statute provides that an "uncompensated tort victim" is:

... a person who:

(a) Is a party in a personal injury or wrongful death lawsuit; ...

(b) unless described in paragraph (a) of this subdivision:

a. Has obtained a final monetary judgment in that lawsuit described in paragraph (a) of this subdivision against a tortfeasor for personal injuries, or wrongful death in a case in which all appeals are final;

b. Has exercised due diligence in enforcing the judgment; and

c. Has not collected the full amount of the judgment.

...

Whether Claimants are regarded as parties in a personal injury lawsuit under subsection (6)(a) or persons who have obtained a final monetary judgment under 6(b), Claimants meet the definition of "uncompensated tort victim." [2] This, however, does not end the inquiry.

■ Contrary to Claimants' argument, the statutory scheme does not contemplate that an "uncompensated tort victim" automatically receives compensation. Rather, the determination that an individual is an "uncompensated tort victim" simply renders an individual "eligible" to make a claim for compensation. Under this particular statute, eligibility is a threshold requirement, not a guarantee of compensation.

As the State argues, if we were to adopt Claimants' argument that "uncompensated tort victim" status automatically confers compensation, we would render significant sections of the statute superfluous. Section 537.678(2) unambiguously provides that "[t]he division is not required to award compensation nor is it required to award the full amount claimed. The division shall base its award of compensation upon independent verification obtained during its investigation." With respect to the role of the underlying judgment, the statute provides that, "[a] finding of the judge or jury in the underlying case shall be considered as evidence." Section 537.684.5.

■ The statute provides the Division with broad investigative authority, permitting the Division to consider not only the judgment but also "any other information as the division determines is necessary." Section 537.678.3(9). Indeed, in each Claimant's Application for Tort Victims' Compensation, he or she signed and notarized an Authorization for Release of Information to Conduct an Investigation that consents not only to the release of a wide array of documents, but also specifically consents to an investigation of all matters regarding the claim. Clearly, if the legislature intended a final judgment in the underlying claim to automatically confer benefits, there would be no need for the Commission to conduct an independent verification of the claims as the statute requires. Accordingly, point one is denied. [3]

2. The State argues that Claimants do not have a "valid wrongful death suit" because the circuit court failed to comply with the requirements of 537.821.1(2) (2000) and improperly appointed a defendant ad litem in the underlying suit. While it appears the State is correct with respect to the circuit court's improper appointment of the defen-

dant ad litem, we decline to reach this issue in view of our disposition.

3. In their second point, Claimants also dispute the Commission's conclusion that the "record does not reflect the existence of a tort," and the Division's initial administrative finding that "a Workers' Compensation (sic)

Claimants argue in their third point that assuming the statute gives the Division the authority to undertake its own investigation of the claim, the record does not support a denial of compensation from the Fund. At the hearing, the ALJ heard a statement from Claimants' counsel and was presented with depositions of the president of Mr. Skabialka's employer and a co-worker of Mr. Skabialka's, the Joint Stipulation of Fact, the judgment, the OSHA Citation and Notification of Penalty, an OSHA Certification of Corrective Action Worksheet, and pictures of the machine's controls. The ALJ credited evidence in the record suggesting that the machine was not improperly modified and the deceased did not follow proper safety procedures. Under *Hampton v. Big Boy,* we cannot simply substitute our judgment for that of the ALJ's or the Commission. Reviewing the record as a whole, there is sufficient competent evidence to warrant a denial of compensation. Accordingly, Claimants' third point is denied.

### IV. *Conclusion*

Because we conclude the Division had the statutory authority to independently investigate the claim and because the results of the Division's independent review provide a sufficient evidentiary basis for the Commission's denial of compensation, we affirm.

BOOKER T. SHAW, P.J., and LAWRENCE G. CRAHAN, J., concur.

is not a tort." To the extent the Commission's finding suggests that a products liability claim against a manufacturer and a workers' compensation claim against an employer cannot coexist, it is erroneous. *Gunnett v. Girar-*

*dier Bldg. and Realty Co.,* 70 S.W.3d 632, 636–37 (Mo.App. E.D.2002). However, we do not believe this erroneous finding requires a reversal.