**MURPHY COMPANY MECHANICAL CONTRACTORS AND ENGINEERS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. SC 86096.

Supreme Court of Missouri, En Banc.

Jan. 25, 2005.

Jeremiah W. (Jay) Nixon, Attorney General, Nikki Loethen, Gary L. Gardner, Assistant Attorneys. General, Jefferson City, for appellant.

Janette M. Lohman, James W. Erwin, Thompson and Coburn L.L.P., St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

The Administrative Hearing Commission found that Murphy Company Mechanical Contractors & Engineers is an "engineering firm" within the meaning of section 144.030.2(28), RSMo 2000,[1] and was exempt from sales and use taxation on its purchase of certain computer equipment. Murphy is an engineering firm under section 144.030.2(28) because it provides professional engineering services as defined in section 327.181 and holds a license and certificate of authority to offer engineering services in Missouri pursuant to section 327.401.2. The decision of the Administration Hearing Commission is affirmed.

### FACTS

Murphy is a "design-build" contractor that provides both construction and engineering services. Since 1983, the company has held a license to provide engineering services in Missouri. Murphy employs several hundred construction workers as well as a staff of professional engineers and technical draftsmen. Approximately 40% of Murphy's contracts are design-build contracts. These design-build contracts constitute approximately 20% of Murphy's revenues.

During the 1999, 2000 and 2001 tax periods, Murphy purchased computers and computer software for which it claimed an exemption from sales and use tax as an "engineering firm" under section 144.030.2(28). The Director of Revenue ("director") conducted sales and use tax audits regarding the purchase of the computers and computer software and assessed sales taxes of $8,233.44 and use taxes of $53,617.85, plus interest. Murphy appealed to the Administrative Hearing Commission. The commission reversed, finding that Murphy is an engineering firm within the meaning of section 144.030.2(28) and was entitled to the sales and use tax exemption for the purchase of computers and computer software. The commission also found that Murphy was liable for sales tax of $984.49 and use tax of $13,854.12, plus interest because it did not establish that certain items were computers or computer software. The director appeals, arguing that Murphy is not an "engineering firm" under section 144.030.2(28).

### ANALYSIS

This Court reviews the commission's interpretation of revenue law de novo. *Southwestern Bell Telephone Co. v. Director of Revenue,* 78 S.W.3d 763, 765 (Mo. banc 2002). The commission's "factual determinations are upheld if they are supported by the law and, after reviewing the whole record, there is substantial evidence to support them." *Id.* As a tax exemption, section 144.030.2(28) is to be construed strictly, but reasonably, against the taxpayer. *Id.*

Section 144.030.2(28) exempts from sales and use taxation:

Computers, computer software and computer security systems purchased for use by architectural or engineering firms headquartered in this state. For the purposes of this subdivision, "headquartered in this state" means the office for the administrative management of at least four integrated facilities operated

---

1. All subsequent citations are to RSMo 2000.

341

by the taxpayer is located in the State of Missouri.

■ The director acknowledges that Murphy provides engineering services but contends that the company is not an engineering firm under section 144.030.2(28) because Murphy is "primarily" a contractor or design-build contractor. Section 144.030.2(28) rebuts the director's argument because the statute imposes no requirement that a firm engage primarily in providing engineering services for the exemption to apply. Moreover, in other subsections of section 144.030.2, the general assembly expressly required that the item in question be used "primarily" for a particular purpose before the tax exemption applies.[2] The absence of the word "primarily" in section 144.030.2(28) establishes that a company providing engineering services need not employ a certain number of engineers or derive a certain percentage of its revenue from engineering services in order to avail itself of the section 144.030.2(28) tax exemption.

While section 144.030.2(28) lacks a definition of "engineering firm," Murphy qualifies as an engineering firm because it provides professional engineering services as defined in section 327.181 and holds a license and certificate of authority to offer engineering services in Missouri pursuant to section 327.401.2. Murphy is, therefore, an engineering firm for purposes of section 144.030.2(28).

The decision of the Administrative Hearing Commission is affirmed.

All concur.

**2.** Section 144.030.2(26) exempts the sale of fuel utilized by waterborne vessels "which are used primarily in or for the transportation of property or cargo, or the conveyance of persons for hire." Section 144.030.2(30) exempts barges "which are used primarily in the transportation of property or cargo on interstate waterways."