**SAINT CHARLES COUNTY,**
Missouri, Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. SC 92853.

Supreme Court of Missouri,
En Banc.

Aug. 13, 2013.

Toby J. Dible, Office of the St. Charles County, St. Charles, for St. Charles County.

Chris Koster, Missouri Attorney General, James R. Layton, Solicitor General, Jeremiah Morgan, Deputy Solicitor General, Attorney General's Office, Thomas A. Houdek, Missouri Department of Revenue, Jefferson City, for the Director of Revenue.

GEORGE W. DRAPER III, Judge.

Saint Charles County petitioned for review of an Administrative Hearing Com-

mission's (hereinafter, "the Commission") decision determining that sales at the Saint Charles County Family Arena (hereinafter, "the Family Arena") were not exempt from sales tax pursuant to section 144.030.2(17), RSMo Supp.2011.[1] This Court has jurisdiction pursuant to article V, section 3, of the Missouri Constitution. The Commission's decision is affirmed.

## Factual and Procedural Background

Saint Charles County is the sole owner and operator of the Family Arena. Saint Charles County is exclusively responsible for the care, custody, and improvement of the Family Arena. The Family Arena staff are Saint Charles County employees.

The Family Arena hosts many events annually. The Family Arena staff reviews industry information to determine the events that will be hosted, and they price the events to ensure the event costs are covered. All money received by the Family Arena that is not paid to another party is deposited into a specific fund of the Saint Charles County treasury for use in paying the Family Arena's expenses.

The Family Arena enters into agreements with private parties to put on events. There are a wide variety of events hosted by the Family Arena, including, *inter alia*, concerts, graduations, conferences, and sporting events. There are primarily three types of agreements used by the Family Arena to secure performers and events: (1) a rental agreement; (2) a co-promotion agreement; or (3) a purchase agreement. Each agreement represents a revenue sharing agreement with a different allocation of the risk associated with the event's success or failure. Events at the Family Arena resulted in the sale of three categories of items: (1) admission; (2) merchandise; and (3) food and beverage.

After collecting taxes for several years on all fees, charges, and sales at the Family Arena, Saint Charles County sought a refund pursuant to section 144.030.2(17), in the amount of $922,856.68, plus statutory interest, for the period running from March 1, 2007, through to May 21, 2010. The Director of Revenue denied Saint Charles County's claims. Saint Charles County sought review of its claims by the Commission. The Commission agreed with the Director of Revenue, finding Saint Charles County does not receive "all the proceeds" from the Family Arena, and the sales of merchandise, food, and beverages are not the type of items that are to be exempted pursuant to section 144.030.2(17). Saint Charles County now seeks review by this Court.

## Standard of Review

The Commission's decision will be affirmed if: (1) it is authorized by law; (2) it is supported by competent and substantial evidence on the whole record; (3) mandatory procedural safeguards are not violated; and (4) it is not clearly contrary to the reasonable expectations of the General Assembly. Section 621.193. This Court reviews the Commission's interpretation of revenue laws *de novo*. *Murphy Co. Mechanical Contractors, Engineers v. Dir. of Revenue*, 156 S.W.3d 339, 340 (Mo. banc 2005). The Commission's factual findings will be upheld if the findings are supported by substantial evidence on the whole record. *Brinker Missouri, Inc. v. Dir. of Revenue*, 319 S.W.3d 433, 435 (Mo. banc 2010).

1. All statutory references to section 144.030 are to RSMo Supp.2011. All other statutory references are to RSMo 2000.

Tax exemptions are construed strictly against the taxpayer, and any doubt is resolved in favor of taxation. *Brinker*, 319 S.W.3d at 436. "Exemptions are only allowed on clear and unequivocal proof, with the burden of proof falling on the taxpayer claiming the exemption." *Aquila Foreign Qualifications Corp. v. Dir. of Revenue*, 362 S.W.3d 1, 3 (Mo. banc 2012).

## Discussion

Saint Charles County raises two points on appeal, claiming the Commission erred with respect to its interpretation of the phrase "all the proceeds" in section 144.030.2(17). Section 144.020.1 provides that sales of admissions, tangible personal property, concessions, and other fees paid to or in the Family Arena are subject to sales tax, unless those sales are exempted otherwise. Specifically exempted from sales tax are:

> [a]ll amounts paid or charged for admission or participation or other fees paid by or other charges to individuals in or for any place of amusement, entertainment or recreation, games or athletic events, including museums, fairs, zoos and planetariums, owned or operated by a municipality or other political subdivision where all the proceeds derived therefrom benefit the municipality or other political subdivision and do not inure to any private person, firm, or corporation.

Section 144.030.2(17).

### *"All the Proceeds"*

Saint Charles County argues the Commission erred in determining the Family Arena does not qualify for a tax exemption pursuant to section 144.030.2(17) because "all the proceeds derived therefrom" do not benefit only Saint Charles County. Saint Charles County asserts the phrase must mean "net proceeds," and it accordingly would be exempt from taxation. The Director counters, equating "all the proceeds" with "gross receipts."

"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Howard v. City of Kansas City*, 332 S.W.3d 772, 779 (Mo. banc 2011) (quoting *Farmers' & Laborers' Co–op Ins. Ass'n v. Director of Revenue*, 742 S.W.2d 141, 145 (Mo. banc 1987)); *see also Morse v. Dir. of Revenue*, 353 S.W.3d 643, 645 (Mo. banc 2011). When engaging in statutory construction, this Court recognizes that "every word, clause, sentence, and provision of a statute must have effect." *801 Skinker Blvd. Corp. v. Director of Revenue*, 395 S.W.3d 1, 5 (Mo. banc 2013) (quoting *Civil Service Comm'n of City of St. Louis v. Members of Bd. of Aldermen of City of St. Louis*, 92 S.W.3d 785, 788 (Mo. banc 2003)). Presumably, the legislature did not insert superfluous language in a statute. *Hyde Park Housing P'ship v. Dir. of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993); *Cook v. Newman*, 142 S.W.3d 880, 889 (Mo.App. W.D.2004).

To qualify for the exemption, Saint Charles County must benefit from "all the proceeds." Saint Charles County seeks to characterize its agreements used to secure performers and events at the Family Arena as costs,[2] analogizing them to the costs of its employees who maintain the Family

2. A municipality or other political subdivision seeking to qualify for this exemption is permitted to pay its associated costs to its employees or independent contractors for services rendered as long as that payment is equivalent to the fair market value of the services rendered. These are the costs of doing business, not proceeds.

Arena. However, the economic arrangements Saint Charles County entered into for use of the Family Arena were not the equivalent of paying for its costs; they were revenue sharing agreements.[3]

In each type of revenue sharing agreement entered into by Saint Charles County, it received proceeds from the events, but it neither received nor benefited from all of the proceeds derived from the revenue. Because we assume the legislature did not insert superfluous words into a statute, the word "all" must mean "all" and not "some" or "part of." *See Hyde Park Housing P'ship*, 850 S.W.2d at 84. Hence, Saint Charles County did not meet all of the statutory requirements set forth in section 144.030.2(17) to qualify for the exemption because it neither received nor benefited from "all the proceeds." Saint Charles County is not entitled to a tax refund.

*Merchandise and Concessions Exemption*

Saint Charles County seeks to exempt the sales of merchandise, food, and beverages, claiming these are "fees" or "charges" under section 144.030.2(17). However, as discussed previously, Saint Charles County does not receive "all the proceeds" derived from the Family Arena to qualify for a tax exemption. Accordingly, under the facts presented in this case, Saint Charles County's claim to exempt the sales of merchandise, food, and beverages pursuant to section 144.030.2(17) fails for the period running from March 1, 2007, through May 21, 2010.

## Conclusion

Saint Charles County is not entitled to the sales and use tax exemption and re-

fund it claimed. Saint Charles County did not receive or benefit from "all the proceeds" from the Family Arena because it did not present clear and unequivocal proof that it met the requirements of section 144.030.2(17) to be entitled to an exemption. *Aquila*, 362 S.W.3d at 3. The Commission's decision is affirmed.

All concur.

---

3. Pursuant to the rental agreements, Saint Charles County had no right to any of the proceeds of ticket sales. In the co-promotion agreement, there was a profit-sharing model entitling the private entity to a percentage of

the proceeds. Finally, in the purchase agreement, Saint Charles County guaranteed the promoter a fixed amount of the revenue derived from the Family Arena event regardless of the event's profitability.